603 So.2d 5 (1992)
WALGREENS, INC., Appellant,
v.
Tammy NEWCOMB and William Newcomb, her husband, Appellees.
No. 91-2415.
District Court of Appeal of Florida, Fourth District.
July 1, 1992.
Rehearing Denied September 16, 1992.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for appellant.
Thomas D. Lardin and Jacqueline Porth of Thomas D. Lardin, P.A., Fort Lauderdale, for appellees.
SALMON, MICHAEL H., Associate Judge.
Appellee Tammy Newcomb claims she slipped and fell because of a dangerous condition resulting from spraying Windex upon the floor of a Wags restaurant owned by appellant Walgreens. The jury reached a verdict in favor of Walgreens. The trial judge granted the Newcombs a new trial. We reverse.
After the verdict was received, Newcombs' counsel, who essentially believed *6 that the Newcombs should have won the case, concluded that she ought to speak to a juror and find out what went wrong. She randomly selected a juror, and contacted her by telephone. At the time, counsel had no grounds upon which to make a legal challenge to the verdict, nor support a motion to interview jurors. A request to interview a juror requires something more than conjecture and speculation by movant's counsel. Dover Corp. v. Dean, 473 So.2d 710 (Fla. 4th DCA 1985) (Hurley, J., dissenting), pet. for review denied, 475 So.2d 693 (Fla. 1985).[1]
In making that telephone call, counsel violated two rules. Florida Rule of Civil Procedure 1.431(h) provides the procedure to be followed if a party believes that grounds for legal challenge to a verdict exist, and wants to interview a juror. The rule requires an order of the trial judge after notice and hearing. Rule 4-3.5(d)(4) of the Rules Regulating the Florida Bar provides that even if a lawyer believes that grounds exist to challenge a verdict, no interview of a juror may take place unless before the interview, the lawyer files notices of intention to interview a juror, and delivers copies to opposing counsel and the trial judge. None of these procedures were complied with. Nonetheless, the interview of the juror, conducted in violation of the Rules, produced results. Based upon what she learned, the attorney concluded that two members of the jury conducted an experiment outside of court using Windex, and communicated their findings to other members of the jury. Ultimately, the trial judge found that the jury may have been influenced by these matters, and he ordered a new trial.
Ordinarily, the grant or denial of a motion for new trial lies within the sound discretion of the trial judge. The usual test is whether or not reasonable persons could differ as to the propriety of the action taken by the trial court. Baptist Memorial Hosp., Inc. v. Bell, 384 So.2d 145 (Fla. 1980). But here we are faced with the question of whether or not the trial judge should have considered the motion at all once he discovered that the information upon which it was based was obtained in direct violation of existing rules. The trial judge was presented with a motion to interview jurors which contained allegations of the out-of-court experiment. However, the facts supporting those allegations were obtained in violation of the Rules. A party ought not be able to obtain relief by violating the Rules when the relief could not be obtained by compliance with the Rules.
Once the trial judge found out the method by which the facts supporting the motions for interview and new trial were obtained, he should not have entertained the motions any further.
Reversed and remanded with directions to vacate the order granting a new trial, and enter judgment in accordance with the verdict.
GLICKSTEIN, C.J., and GUNTHER, J., concur.
NOTES
[1] Dover addressed itself to cases in which an attack is made based upon matters inherent in the verdict. Cf. Baptist Hospital of Miami, Inc. v. Maler, 579 So.2d 97 (Fla. 1991); and State v. Hamilton, 574 So.2d 124 (Fla. 1991).