627 So.2d 1178 (1993)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Joyce LANGSTON On Behalf of Minor Child, Shanard LANGSTON, Respondent.
No. 93-2354.
District Court of Appeal of Florida, Fourth District.
October 27, 1993.
Rehearing and Rehearing Denied January 4, 1994.
Richard A. Sherman, Law Offices of Richard A. Sherman, P.A. and David L. Taylor, Law Offices of Leonard C. Bishop, Fort Lauderdale, for petitioner.
Darryl L. Lewis, William N. Hutchinson, Jr., P.A., Fort Lauderdale, for respondent.
Rehearing and Rehearing En Banc Denied January 4, 1994.
PARIENTE, Judge.
Allstate Insurance Company requests relief by writ of certiorari from an order compelling discovery of materials claimed to be irrelevant and privileged.
The respondent, Joyce Langston, on behalf of her minor child, filed a complaint seeking uninsured motorist benefits for personal injuries resulting from a motor vehicle accident. The complaint does not contain claims of bad faith or unfair claims practices. The respondent requested production of the following documents as part of a multi-paragraph discovery request:
3. All internal procedural memos regarding the handling of uninsured motorist claims in effect during the last twelve (12) months.
4. Your latest claims manual on processing and handling of uninsured motorist claims in general.
5. A copy of your standards for the proper investigation of claims that were in effect at any time during the last twenty-four months (24) months.
6. All correspondence to or from anyone, including any insurance agencies, any doctors' offices, any employers, any agencies hired to select doctors for "independent medical examinations" and any law enforcement agencies for the uninsured motorist claim involved herein.
Petitioner filed timely objections to paragraphs 3, 4 and 5, asserting "work product, irrelevant, overbroad and vague" and raising a "work product" objection only as to paragraph *1179 6.[1] The trial court overruled all objections finding that the request for production did not seek "any specific claims file, but the procedure followed in processing claims files in general."
The petitioner contends that the trial court compelled irrelevant and privileged discovery. We find no basis in the record for petitioner's assertion that the documents requested in paragraphs 3, 4 and 5 are work product or within the attorney-client privilege. We do agree that from the face of the request that the documents sought in paragraphs 3, 4 and 5, consisting of internal procedural memos, claims manuals and standards for proper investigation of claims, appear irrelevant to a lawsuit involving a claim for uninsured motorist benefits where no claim of bad faith or unfair claim practices has been made. The respondent has not offered an explanation regarding the purported relevancy of such discovery in this lawsuit. However, even if the discovery were irrelevant, that alone is not a basis for granting the extraordinary remedy of certiorari, unless the disclosure of the materials "may reasonably cause material injury of an irreparable nature." Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla. 1987). Petitioner has not demonstrated that the requested materials fall within this exception.
As to paragraph 6, the petitioner raised only a blanket work product objection. The record does not indicate whether a preliminary showing was made that any of the documents sought constituted work product; and if so, whether respondent made the requisite showing of need and inability to obtain the materials without undue hardship, as required under Florida Rule of Civil Procedure 1.280(b)(3). However, the trial court did not conduct an in camera inspection of the items claimed to be work product as required. See Allstate Ins. Co. v. Walker, 583 So.2d 356 (Fla. 4th DCA 1991).
The petitioner also raises the attorney-client privilege. This claim is apparently being raised by petitioner for the first time in this petition for writ of certiorari. While failure to file timely objections ordinarily constitutes a waiver of most discovery objections, failure to assert the attorney-client privilege timely does not prevent a trial court's later in camera examination to determine if the privilege applies to specified documents. Gross v. Security Trust Co., 462 So.2d 580 (Fla. 4th DCA 1985).
Accordingly, certiorari is granted and the order under review is vacated in part insofar as it compels production of items in paragraph 6 claimed to be either work product or within the attorney-client privilege. The trial court shall conduct an in camera inspection of the specific items claimed by petitioner to be work product and attorney-client privilege in paragraph 6 without prejudice to the right of respondent to make the required showing of an exception to work product documents under rule 1.280(b)(3).
STONE and WARNER, JJ., concur.
NOTES
[1] The respondent has indicated that the items sought in paragraphs 3, 4 and 5 may or may not exist. This court does not find objections of "overbroad" and "work product" raised about non-existent documents to be consistent with the good faith requirement underlying the discovery process. In an appropriate case, such conduct could be subject to sanctions.