PETERSON, Judge.
Orange Lake Country Club (OLC) petitions for a writ of certiorari seeking review of an order compelling discovery. We grant the petition.
Charles M. Levin sought damages and in-junctive relief against OLC for an alleged breach of contract relating to his employment in OLC’s timeshare sales and marketing department. He also alleged defamation and sought a declaratory judgment as to the validity of a non-compete clause contained in the employment contract.
He later requested production of documents supporting the 1992 annual financial report of revenues and expenses for Orange Lake Country Club Villas Condominium Association, Inc., apparently an owner’s association managed by OLC. Specifically, production was sought of all documents evidencing costs listed in the financial report as “Master Restriction Fee” and as “Club Membership Fee.” Also pending at the time of request for production was OLC’s counterclaim alleging tortious interference with business relationships and requesting damages and in-junctive and declaratory relief based upon the non-compete clauses.
OLC objected to the request for production as overbroad, irrelevant and not designed to lead to the discovery of admissible *1149 evidence. It argued in support of its objection that the requested documents related solely to common areas and recreational facilities used by condominium association members to which Levin has never had a connection.
Levin stated in a deposition taken prior to a hearing on OLC’s objection to production that he was fired because his performance intimidated his supervisor and because he was “honest, committed, loyal, outspoken, aggressive, creative, young, capable, wealthy, Jewish, ambitious, effective.” Levin made no mention that the financial statements were in any way related to his termination. Yet Levin’s counsel argued at the hearing that when his client had confronted the president of OLC and claimed that the fees charged to timeshare owners for maintenance and membership were arbitrary and unnecessary, the president became angry and almost immediately thereafter, Levin’s employment was terminated without notice or justification. When asked how this related to the. lawsuit, Levin’s counsel said, “We want to know what’s going on” and ‘We might file a class action suit.”
We agree with OLC that nothing in the record supports any relationship between Levin’s employment termination and the requested documents notwithstanding the expression of Levin’s attorney’s inquisitiveness and interest in a future class action.
Florida Rule of Civil Procedure 1.280(b) provides that parties may obtain discovery of any matter, not privileged, that is relevant to the subject matter of the pending action, and discovery is not objectionable because the information sought will be inadmissible at trial, if it appears reasonably, calculated to lead to the discovery of admissible evidence. The discovery clearly must relate to the pending action, thus any claim made that the discovery was needed for a class action suit is insufficient to support compelled disclosure. The supreme court, in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987), found that irreparable harm could result from the disclosure of information which could be used by an unscrupulous litigant to injure a party outside the context of the litigation. Nonetheless, if the discovery is relevant to the pending action or is reasonably calculated to lead to the discovery of admissible evidence in that action, the fact that it could be used in a separate suit should not preclude disclosure. However, none of the discovery depositions made mention of any confrontation regarding association fees as a reason for Levin’s dismissal. This assertion was made only by Levin’s attorney at the hearing on the objection to production. In Lanahan Lumber Co., Inc. v. McDevitt & Street Co., 611 So.2d 591 (Fla. 4th DCA 1993), the court held that unproven utterances documented only by an attorney are not facts that can be acknowledged by the trial or appellate court. See also Schneider v. Currey, 584 So.2d 86 (Fla. 2d DCA 1991). Likewise, in Equifax Corp. v. Cooper, 380 So.2d 514 (Fla. 5th DCA 1980), this court held that the gratuitous speculation of counsel as to the possible use of material sought in discovery does not stand as satisfactory evidence of relevancy.
Even assuming that counsel’s allegations are true and that a confrontation took place between Levin and the club president regarding the fees and was a cause of his termination, the documents sought are irrelevant. Assuming that Levin obtained the documents and was able to establish that the fees charged were improper, that fact has no relevancy to the breach of employment contract action or the defamation action.
The trial court’s order requiring production of the documents requested by Levin under item 27 of the Amended Request for Production is quashed.
WRIT ISSUED.
COBB and THOMPSON, JJ., concur.