PER CURIAM.
Petitioner, HTP, Ltd. (HTP), seeks a writ of certiorari quashing a discovery order compelling HTP to disclose income information establishing an “alter ego” relationship between the various parties to an alleged fraudulent scheme. We grant certiorari and quash the order under review.
We determine that the “alter ego” allegations are extraneous to the fraud claims in the complaint.[1] Because the items ordered to be produced were not shown to be reasonably related to any actual issue in the cause, we grant certiorari and quash the order under review. Fla.R.Civ.P. 1.280(b)(1); Comprehensive American Care, Inc. v. Health Care Center of Homestead, Inc., 578 So.2d 898 (Fla. 3d DCA 1991); see Graphic Assocs., Inc. v. Riviana Restaurant Corp., 461 So.2d 1011 (Fla. 4th DCA 1984).
Certiorari granted.

. Additionally, respondents no longer need to pursue pre-trial discovery for the purpose of substantiating their “alter ego" pleading allegations in view of HTP's reply. The reply states that if certiorari is granted and the order quashed, "HTP, Tyler and Mr. Gamble ... [will] amend their answer to [Respondent’s] First Amended Complaint in [this case] to admit the allegations of paragraphs 7 and 8” which specify Mr. Gamble’s domination, control, and direction of HTP and Tyler Corporation, and their use as Mr. Gamble's alter egos, instrumentalities, or agents.