655 So.2d 91 (1995)
ALLSTATE INSURANCE COMPANY, Petitioner,
v.
Joyce LANGSTON, etc., Respondent.
No. 83149.
Supreme Court of Florida.
May 11, 1995.
*92 Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., and David L. Taylor of the Law Offices of Leonard C. Bishop, Fort Lauderdale, for petitioner.
Darryl L. Lewis and William N. Hutchinson, Jr., P.A., Fort Lauderdale, for respondent.
HARDING, Justice.
We have for review Allstate Insurance Co. v. Langston, 627 So.2d 1178, 1179 (Fla. 4th DCA 1993).
Allstate argues that the decision below expressly and directly conflicts with Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541 (1942); HTP Ltd. v. Lineas Aereas Costarricenses, S.A., 634 So.2d 724 (Fla. 3d DCA 1994); Orange Lake Country Club, Inc. v. Levin, 633 So.2d 1148 (Fla. 5th DCA 1994); and Krypton Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co., 629 So.2d 852 (Fla. 1st DCA 1993).
Because we find conflict with HTP, Ltd., Orange Lake, and Krypton, we have *93 jurisdiction based on article V, section 3(b)(3) of the Florida Constitution.[1]
We remand this case for a determination of whether documents sought in a discovery request are relevant.
Joyce Langston, on behalf of her minor child, sued the driver of the car in which her child was riding and sought uninsured motorist (UM) benefits for personal injuries resulting from an accident. Langston did not allege bad faith or unfair claims practices.
Allstate admitted that its policy provided UM coverage, but said Langston was not entitled to benefits because of a dispute about the value of the claim based on issues of negligence and damages.
Langston also filed a multi-paragraph discovery request and sought production of these documents:
3. All internal procedural memos regarding the handling of uninsured motorist claims in effect during the last twelve (12) months.
4. Your latest claims manual on processing and handling of uninsured motorist claims in general.
5. A copy of your standards for the proper investigation of claims that were in effect at any time during the last twenty-four (24) months.
6. All correspondence to or from anyone, including any insurance agencies, any doctors' offices, any employers, any agencies hired to select doctors for "independent medical examinations" and any law enforcement agencies for the uninsured motorist claim involved herein.
Allstate, 627 So.2d at 1178 (quoting discovery request).
Allstate filed timely objections to paragraphs 3, 4, and 5 based on "work product, irrelevant, overbroad, and vague" and raised a work product objection to paragraph 6. The trial court overruled all objections. Allstate petitioned the Fourth District Court of Appeal for relief by writ of certiorari, claiming that the trial judge compelled discovery of irrelevant and privileged materials.
The district court found no basis in the record for Allstate's assertion that the documents requested in paragraphs 3, 4, and 5 were work product or within the attorney-client privilege. Id. at 1179. Although the district court said the documents sought in those paragraphs "appear irrelevant" in a suit that does not involve a claim of bad faith or unfair claims practices, the court found that irrelevancy alone was not a basis for granting certiorari absent a showing that disclosure could reasonably cause material injury of an irreparable nature. Id. Allstate did not make such a showing.
As for paragraph 6, the district court said the record did not indicate whether there was a preliminary showing that any documents sought were work product and, if so, whether Langston had shown need and inability to obtain the materials without undue hardship, as required by Florida Rule of Civil Procedure 1.280(b)(3). Id. The district court noted that the trial court did not conduct the required in-camera inspection of the items claimed to be work product. Id.
Thus, the district court granted certiorari in part and vacated the trial court's order insofar as it compelled production of certain items in paragraph 6. The court ordered the trial court to conduct an in-camera inspection of specific items in paragraph 6 that Allstate claimed to be work product or within the attorney-client privilege. The court ordered the production of documents sought in paragraphs 3, 4, and 5.
Allstate sought review from this Court based on conflict with Martin-Johnson, Brooks, and Kilgore. In supplemental *94 authority to its jurisdictional brief, Allstate also claimed conflict with HTP Ltd., Orange Lake, and Krypton.
Allstate does not challenge the district court's decision on paragraph 6. Instead, this case concerns the district court's refusal to grant certiorari and review the discovery order as it pertains to documents requested in paragraphs 3, 4, and 5.
Allstate argues that although this is a routine case involving a claim for UM benefits, Langston sought irrelevant and voluminous documents that have nothing to do with UM coverage. The Fourth District recognized that the materials requested in paragraphs 3, 4, and 5 appeared irrelevant, but ordered production because Allstate could not establish irreparable harm. Allstate, 627 So.2d at 1179. The insurer urges this Court to quash the order below on paragraphs 3, 4, and 5, arguing that irreparable harm is presumed when discovery is not in any way related to the lawsuit.
Langston argues that the real issue is whether the district court followed the correct standard in deciding whether to grant certiorari. She contends that because Allstate failed to prove it would suffer irreparable injury by producing the requested documents, the district court correctly denied the writ of certiorari for paragraphs 3, 4, and 5.
Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence. Brooks, 97 So.2d at 699; see also Amente v. Newman, 653 So.2d 1030 (Fla. 1995) (concept of relevancy is broader in discovery context than in trial context, and party may be permitted to discover relevant evidence that would be inadmissible at trial if it may lead to discovery of relevant evidence); Krypton, 629 So.2d at 854 ("It is axiomatic that information sought in discovery must relate to the issues involved in the litigation, as framed in all pleadings."); Fla.R.Civ.P. 1.280(b)(1) (discovery must be relevant to the subject matter of the pending action).
This Court has held that review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal. Martin-Johnson, 509 So.2d at 1099; see also Brooks; Kilgore.
Discovery of certain kinds of information "may reasonably cause material injury of an irreparable nature." Martin-Johnson, 509 So.2d at 1100. This includes "cat out of the bag" material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed.[2]Id.
But not every erroneous discovery order creates certiorari jurisdiction because some orders are subject to adequate redress by plenary appeal from a final judgment. Id.
The materials Langston sought in paragraphs 3, 4, and 5 of her discovery request  internal procedural memos, claims manuals, and standards for proper investigation of claims  do, as the district court noted, appear irrelevant. But we do not believe that discovery of irrelevant materials necessarily causes irreparable harm.
Thus, we find no conflict between Langston's holding that irrelevant discovery alone is not a basis for granting certiorari unless disclosure of materials may reasonably cause material injury of an irreparable nature and the holdings of Martin-Johnson, Brooks, and Kilgore that a nonfinal order does not create *95 certiorari jurisdiction unless it departs from essential requirements of law and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.
We recognize, however, that district courts have granted certiorari and quashed discovery orders when the items to be produced were not reasonably related to an issue in the case. See HTP, Ltd., 634 So.2d at 725; Orange Lake, 633 So.2d at 1149; Krypton, 629 So.2d at 855. These cases conflict with Allstate.
Although we cannot say that irrelevant materials sought in a discovery request necessarily cause irreparable harm, we do not believe that a litigant is entitled carte blanche to irrelevant discovery. We therefore quash the district court decision to the extent that it permits discovery even when it has been affirmatively established that such discovery is neither relevant nor will lead to the discovery of relevant information.
Accordingly, we remand this case for proceedings consistent with this opinion concerning the relevancy of materials sought in the discovery request. We find no conflict with Martin-Johnson, Brooks, and Kilgore. We disapprove HTP, Ltd., Orange Lake, and Krypton only to the extent that any of these decisions can be interpreted as automatically equating irrelevant discovery requests with irreparable harm.[3]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Allstate also contends that Allstate Insurance Co. v. Langston, 627 So.2d 1178 (Fla. 4th DCA 1993), expressly and directly conflicts with Florida Rule of Civil Procedure 1.280(b)(1). This Court does not have jurisdiction based on alleged conflict with a rule of civil procedure.

In addition, Allstate argues that the case below presents an issue of great public importance about the production of irrelevant discovery and the irreparable harm in producing certain documents. This Court does not have jurisdiction to review cases that a party deems to present an issue of great public importance. This Court may only review questions of great public importance that are certified by a district court of appeal. Art. V, § 3(b)(4), Fla. Const. The Allstate court did not certify a question.
[2] In considering a case that required a plaintiff to give better answers to interrogatories that involved work product, this Court explained why the release of certain kinds of information could cause material injury or an irreparable nature:

If plaintiff is wrongfully required to answer defendant's interrogatories, she is beyond relief. We conceive no means by which on appeal this court could extract such knowledge, once gained, from the mind of the defendant for truly "the moving finger having writ moves on nor any appeal shall lure it back to cancel half a line."
Boucher v. Pure Oil Co., 101 So.2d 408, 410 (Fla. 1st DCA 1957).
[3] Allstate expresses concern that the Fourth District's decision in McAdoo v. Ogden, 573 So.2d 1084 (Fla. 4th DCA 1991), has opened a Pandora's box in allowing voluminous discovery. We express no opinion on what constitutes "voluminous" discovery. We merely reiterate that discovery must be confined to relevant materials.