ALTENBERND, Judge,
dissenting.
I admit that the line drawn in Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995), between discovery that results in irreparable harm and that which does not is confusing to me. Nevertheless, I conclude that the improper discovery in this case results in a type of harm that cannot be adequately redressed in any subsequent plenary appeal. Fortune Insurance Company (Fortune) has established that we have jurisdiction for certiorari review in this case. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Because the order compelling production of irrelevant documents departs from the essential requirements of the law, I would grant Fortune’s petition.
Luis Matos and Teresa Duarte, as parents and guardians of Carlos Matos (the plaintiffs), filed a typical one-count complaint for personal injury protection benefits (PIP) under a Florida no-fault insurance policy issued by Fortune. The complaint alleges that Carlos was involved in an automobile accident on October 23, 1993, and that Fortune has not paid certain related medical bills submitted for payment under the PIP coverage.[1] The complaint contains a surplus allegation that the breach of contract was “deliberate, wanton and willful,” but requests no additional relief based on this allegation and includes no cause of action for which this allegation is material. In light of the admissions in Fortune’s answer, the only issues in this simple PIP action are whether Carlos’s medical bills are reasonable, necessary, and related to this accident, and perhaps whether the plaintiffs followed the appropriate statutorily permitted claims procedure contained in the relevant insurance contract.
The plaintiffs filed a discovery request to obtain Fortune’s internal manuals and brochures instructing their adjusters on the procedures to follow in processing PIP claims. These requests are comparable to requests 3 through 5 in Langston. See 655 So.2d at 93. If this were an action alleging a violation of the Unfair Insurance Trade Practices Act and seeking a statutory civil remedy, this discovery request might be appropriate. See § 624.155, Fla.Stat. (1993). But neither the claims processing procedures of the insurance company, nor the analogous claims processing procedures of the plaintiffs’ attorney, are relevant to this lawsuit. Their discovery is not reasonably calculated to lead to any admissible evidence. Nevertheless, the trial court ordered Fortune to produce these documents. Fortune filed this certiorari petition, requesting that we quash the discovery order.
Under the tests described in Langston, I conclude that a petitioner must establish three criteria to be entitled to certiorari relief for this type of discovery error. First, a petitioner must establish that the production of the requested materials will cause harm beyond the monetary expense associated with the discovery procedures. The supreme court suggests that this occurs when the material is proprietary in nature or its disclosure could result in harm outside the litigation. 655 So.2d at 94. Although Fortune’s showing could be stronger, I conclude that it has established that these internal manuals are sufficiently proprietary to warrant protection. Fortune’s proof on this issue appears at least equal to that of Allstate in *1309 Langston.[2]
Second, a petitioner must establish that the discovery issue is likely to evade review on plenary appeal. See Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986), review denied, 511 So.2d 299 (Fla.1987); Cohen v. DeYoung, 655 So.2d 1265 (Fla. 5th DCA 1995). The discovery requested by the plaintiffs is irrelevant to the material issues in their complaint and will not create any evidence admissible during the trial. As a result, even if the final judgment is ultimately adverse to Fortune, this discovery error will not result in any harmful error affecting the final judgment. Thus, Fortune has established this prong of the test because its attorneys will never be able to file a direct appeal, representing in good faith that this error entitles Fortune to relief from the final judgment. I regard these first two prongs as establishing the irreparable harm that provides jurisdiction to review the discovery order. See Parkway Bank, 658 So.2d 646.
The final issue on the merits is whether the order departs from the essential requirements of the law. As phrased by the supreme court, a petitioner must establish that such discovery is “neither relevant nor will lead to the discovery of relevant information.” 655 So.2d at 95. Because of the allegations in the complaint and the admissions in the answer, Fortune has established this test. At a minimum, as in Langston, Fortune has established enough to warrant a remand to determine the relevance of the requested discovery.[3]
I would grant the petition and quash the discovery order.

. Why this action is pending in circuit court rather than county court is unclear. See § 34.01(l)(c)4, Fla.Stat. (1993).

. At a minimum, Fortune should be given another opportunity to establish this test because the trial court ruled prior to the decision in Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995). Fortune had good reason to believe it had established enough for certiorari review under Pearce v. Doral Mobile Home Villas, Inc., 521 So.2d 282 (Fla. 2d DCA 1988).

. Because the petitioner must establish that the discovery is irrelevant to be entitled to certiorari relief, the remand for a determination of relevancy in Langston may be an unusual remedy required by the posture of that case. If not, it would seem that the burden to prove relevancy on remand should be placed on the party seeking the production.