666 So.2d 1024 (1996)
John EBERHARDT, Petitioner,
v.
Craig EBERHARDT, Respondent.
No. 95-3986.
District Court of Appeal of Florida, Fourth District.
January 24, 1996.
Thomas M. Bates of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, for petitioner.
Richard B. Marx, Miami, for respondent.
KLEIN, Judge.
This court has recently experienced an increase in the number of petitions for certiorari seeking review of discovery orders. We attribute this increase to Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla. 1995); however, we conclude that Allstate did not expand certiorari jurisdiction.
In Allstate the plaintiff had obtained an order requiring Allstate to produce information about how it investigated other claims in an uninsured motorist case which did not involve bad faith. This court concluded that it did not have certiorari jurisdiction to review that order, even though the documents were irrelevant, reasoning that the disclosure would not "cause material injury of an irreparable nature." Allstate Ins. Co. v. Langston, 627 So.2d 1178 (Fla. 4th DCA 1993) (citing Martin-Johnson v. Savage, 509 So.2d 1097, 1100 (Fla. 1987)).
The supreme court granted review, finding conflict between our decision and three cases in which district courts of appeal had quashed discovery orders requiring production of items not reasonably related to the issues in the cases, HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 634 So.2d 724 (Fla. 3d DCA 1994); Orange Lake Country Club, Inc. v. Levin, 633 So.2d 1148 (Fla. 5th DCA 1994); and Krypton Broadcasting of Jacksonville, Inc. v. MGM-Pathe Communications Co., 629 So.2d 852 (Fla. 1st DCA 1993).
After acknowledging that discovery must be relevant, i.e., admissible or reasonably expected to lead to admissible evidence, and pointing out that the items in this case appeared to be irrelevant, the supreme court stated in Allstate:
But we do not believe that discovery of irrelevant materials necessarily causes irreparable harm.
Thus, we find no conflict between Langston's [Allstate's] holding that irrelevant discovery alone is not a basis for granting certiorari unless disclosure of materials may reasonably cause material injury of an irreparable nature and the holdings of Martin-Johnson, Brooks [v. Owens, 97 So.2d 693 (Fla. 1957)], and Kilgore [v. Bird, 149 Fla. 570, 6 So.2d 541 (1942)] that a nonfinal order does not create certiorari jurisdiction unless it departs from essential requirements of law and thus causes material injury to the petitioner throughout the remainder of the proceedings, effectively leaving no adequate remedy on appeal.
Id. 655 So.2d at 94-95.
After concluding that there was no conflict between Allstate and Martin-Johnson, the court disapproved HTP, Ltd., Orange Lake, and Krypton to the extent they could be interpreted as "automatically equating irrelevant discovery requests with irreparable harm." Allstate, 655 So.2d at 95.
*1025 Although the supreme court approved this court's analysis of certiorari jurisdiction and disapproved the cases which were in conflict, the supreme court also took additional action in Allstate:
Although we cannot say that irrelevant materials sought in a discovery request necessarily cause irreparable harm, we do not believe that a litigant is entitled carte blanche to irrelevant discovery. We therefore quash the district court decision to the extent that it permits discovery even when it has been affirmatively established that such discovery is neither relevant nor will lead to the discovery of relevant information.
655 So.2d at 95.
It is this language, we believe, which is causing our increase in certiorari petitions from discovery orders. We have concluded, however, that the supreme court did not expand certiorari jurisdiction in Allstate, since such an expansion would be inconsistent with the remainder of the Allstate opinion.
The supreme court's jurisdiction in Allstate was not the same as our certiorari jurisdiction. The supreme court's jurisdiction was based on its authority to resolve conflict under Article V, section 3(b)(3) of the Florida Constitution. Id. at 93. Once the supreme court accepted conflict jurisdiction, as it did in Allstate, the court had discretion to consider any other issues which had been raised. Savoie v. State, 422 So.2d 308 (Fla. 1982). The supreme court did not, therefore, have the certiorari jurisdictional problem which precluded this court from quashing the discovery order. The supreme court was obviously offended by the discovery abuse, and took the opportunity to send the message to trial courts and litigants that litigants are not "entitled carte blanche to irrelevant discovery." Allstate, 655 So.2d at 95.
In the present case, the trial court required production of income tax returns by the defendant/counterclaimant in a case involving claims for accounting, fraud, breach of contract, constructive trusts and recision of a deed, among other things. While it cannot be determined with any certainty at this point whether the tax returns will be admissible, or whether their production will lead to admissible evidence, the harm that might result from production of this information is indistinguishable from the harm which would have resulted from production of the financial information involved in Martin-Johnson, 509 So.2d at 1099 (holding that discovery of financial information was not, in and of itself, the type of irreparable harm necessary for certiorari review). And, as we noted earlier, Martin-Johnson was adhered to in Allstate. 655 So.2d at 94.
We therefore dismiss the petition for certiorari for lack of jurisdiction.
WARNER and FARMER, JJ., concur.