683 So.2d 167 (1996)
Marc SEYMOUR and Cy Seymour, Petitioners,
v.
Michael Bruce SOLOMON, et al., Respondents.
No. 96-1610.
District Court of Appeal of Florida, Third District.
November 6, 1996.
Rehearing Denied December 11, 1996.
Dean A. Mitchell, Miami, for petitioners.
Michael B. Solomon, for respondents.
Before SCHWARTZ, C.J., and NESBITT and FLETCHER, JJ.
FLETCHER, Judge.
Marc Seymour and Cy Seymour, defendants in a personal injury action, seek certiorari review of an order setting an evidentiary hearing for the purpose of interviewing a juror to determine whether the jury verdict is subject to challenge and whether a new trial is required. We find that the challenged *168 order departs from the essential requirements of the law, grant certiorari, and quash the trial court's order.
After the jury returned a verdict of no negligence by the defendants (and prior to a final judgment), the plaintiffs' attorney, who believed that his clients should have prevailed, contacted three jurors to determine if they would volunteer to speak with him. At the time, the plaintiffs' attorney had no grounds upon which to challenge the verdict or to support a motion to interview the jurors. According to a document provided to the trial court by the plaintiffs' attorney, one of the jurors stated when contacted that after the trial began she recognized one defendant as a former fellow student at the University of Miami Law School. Based on this information, the plaintiffs sought a new trial. The trial court then ordered an evidentiary hearing to interview the juror about her relationship, if any, with the defendant so this information could be weighed by the court in considering the new trial motion.
Rule 1.431(h), Florida Rules of Civil Procedure establishes the procedure to be followed if a party who believes that grounds for a legal challenge exist wishes to interview a juror. This rule requires that such a motion be served within ten days after rendition of the verdict (absent good cause for untimeliness). The motion must identify the jurors to be interviewed and must contain the grounds for challenge. Interviews of the specific jurors named in the motion may be had only upon court order entered after hearing, and then upon the conditions prescribed by the trial court.[1]
This rule was violated from the outset when the plaintiffs' attorney contacted the jurors without a motion, without notice and hearing, and without an order permitting such contact. The question here is, as it was before the Fourth District Court of Appeal in Walgreens, Inc. v. Newcomb, 603 So.2d 5 (Fla. 4th DCA 1992), rev. denied, 613 So.2d 7 (Fla.1993), whether the trial court should consider at all the motion for new trial (including convening the hearing to interview the juror) once it discovered that the information on which the motion is based was obtained in direct violation of the governing rule. In answer, we point out that the rule is intended to prevent unwarranted intrusions into the private thought processes of jurors. The failure to enforce the rule, and the rewarding of violative contacts with success, would effectively result in the rule's elimination. Each and every party simply displeased with a verdict could, with impunity, carry on her or his own extra-judicial inquiry, hoping to find somethinganythingto allege in a motion. To prevent such unwarranted acts the rule needs to be enforced as written.
Accordingly, we grant certiorari and quash the order under review.
NOTES
[1] Rule 4-3.5(d), Rules Regulating The Florida Bar, governs the propriety of attorneys' actions in relation to juror interviews. As the preamble to Rule 4, Rules Regulating The Florida Bar, makes clear, Rule 4 (including Rule 4-3.5(d)) is not intended to supplement court procedural rules, thus it is not discussed herein.