PER CURIAM.
Upon remand following issuance of this court’s writ of certiorari in Seymour v. Solomon, 683 So.2d 167 (Fla. 3d DCA 1996), the trial court denied plaintiffs’ motion for new trial on the remaining grounds asserted therein. The trial court labored under the misconception that Seymour required this action. However, issuance of the mandate in Seymour did not preclude the court from considering plaintiffs’ remaining grounds raised in the new trial motion.
Notwithstanding, a review of the remaining grounds asserted in the new trial motion fail to demonstrate that substantial rights
*1305 have been violated to the extent that plaintiff was deprived of a fair trial. See Hagan v. Sun Bank of Mid-Florida N.A., 666 So.2d 580 (Fla. 2d DCA 1996). Although the trial court has broad discretion in ruling on new trial motions, “[t]his discretion is significantly reduced when the motion concerns a purely legal question_because an error involving a purely legal question can be as accurately reviewed from an appellate record as from the trial judge’s bench.” Tri-Pak Machinery, Inc. v. Hartshorn, 644 So.2d 118, 119 (Fla. 2d DCA 1994)(citing Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla.l989))(footnote omitted). We therefore find no reversible error in the denial of the new trial motion and affirm the judgment under review.
Affirmed.