PER CURIAM.
We agree with the petitioners, Florida Power & Light Co. (“FPL”) and David Ward, that the trial court’s order permitting post-trial discovery into matters wholly collateral and irrelevant to the proceedings below departs from the essential requirements of law. See Fla. R. Civ. P. 1.280(b). Because Walter and Rosalie Goldberg, the plaintiffs below, are not prejudiced by FPL’s post-trial actions, see Walgreens, Inc. v. Newcomb, 603 So.2d 5 (Fla. 4th DCA 1992), rev. denied, 613 So.2d 7 (Fla.1993), and because the petitioners would be materially injured by such discovery, the order entered below is hereby quashed. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995). FPL’s post-trial motions shall be addressed on their merits and any investigation into the post-trial behavior of FPL’s counsel should be conducted by the Florida Bar.
Certiorari granted; order quashed.