ORFINGER, J.
Argus Fire & Casualty Insurance Co. seeks certiorari review of a trial court order, which granted, in part, a motion to compel discovery filed by Kirtley and Judith Winn, the plaintiffs below. In their response, the Winns have confessed error with respect to interrogatory 11, and have agreed to withdraw it. Accordingly, we need not consider that matter further.
As to the remaining matters in dispute, while we agree with Argus that discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to admissible evidence, Brooks v. Owens, 97 So.2d 693 (Fla.1957), certiorari is only appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Not every erroneous discovery order creates certiorari jurisdiction. Id.
*830 The information the Winns seek in interrogatories 12, 13 and 15 and their request to admit 28, appears to us to be largely irrelevant to the resolution of their dispute with Argus. However, we do not believe that discovery of the requested material causes Argus irreparable harm.[1] Accordingly, we deny certiorari. In doing so, we express no opinion on the admissibility of the disputed material at trial.
CERTIORARI DENIED.
THOMPSON and GRIFFIN, JJ., concur.

. It is difficult to ascertain that Argus will be harmed in any way by responding to the requested discovery except for the inconvenience normally associated with responding to any discovery dispute.