PER CURIAM.
 

 An insurer petitions for certiorari review of a non-final order in a breach of contract suit. The order compels production of the insurer’s claim and underwriting files and documents from the insurer’s litigation file. We grant the petition.
 

 The plaintiffs sued the insurer for breach of contract. During discovery, the plaintiffs requested production of the insurer’s claim and underwriting files and documents from the insurer’s litigation file. In response, the insurer moved for a protective order. The insurer did not specifically assert privilege objections. Instead, the insurer generally stated that the plain
 
 *314
 
 tiffs were not legally entitled to what was requested. In support, the insurer cited cases standing for the proposition that, during breach of contract litigation, an insured is not entitled to discovery of the insurer’s claim, underwriting, and litigation files. The plaintiffs thereafter moved to compel production.
 

 Following a hearing, the circuit court denied the insurer’s motion for protective order and granted the plaintiffs’ motion to compel. The order’s dispositive portion states:
 

 [The insurer] filed a motion for “protective order” pursuant to FRCP Rule 1.280(c) which required a showing of good cause and to protect a party from “annoyance, embarrassment, oppression or undue burden or expense.” [The insurer’s] motion fails to satisfy 1.280(e)[.] [The insurer] could have filed an objection pursuant to FRCP 1.340(a) and/or 1.350(b) but [the insurer] failed to object and did not set forth reasons for objections which would have been required, therefore the motion to compel is granted, all objections are waived, with 10 days to comply.
 

 Following the order, the insurer responded to the plaintiffs’ discovery requests, but its responses were made subject to work product and attorney-client objections, and it also provided a privilege log. The insurer also moved for reconsideration of the order. The insurer argued that it moved for a protective order under rule 1.280(c) in good faith, having obtained summary judgment in similar cases without discovery being conducted. The insurer further argued that it should not have been deemed to have waived its privilege objections. The insurer requested that it be allowed to raise its privilege objections.
 

 The circuit court denied the motion for reconsideration, explaining:
 

 The motion [for protective order] is
 
 not
 
 an “objection” which is specifically described in rule 1.340(a) and rule 1.350(b). The [insurer] filed a motion for “protective order” under rule 1.280(c). Rule 1.280(c) is clear as to its requirements and the [insurer] did not establish a basis for a protective order. An objection or assertion of a privilege is not the same as a motion for protective order. The time limit to object ran months ago and may not be asserted at this late date.
 

 This petition followed. The insurer argues that the circuit court departed from the essential requirements of the law because: (1) the court compelled the production of privileged information without conducting an in camera inspection; (2) the insurer’s claim, underwriting, and litigation files are protected work product until the breach of contract issues are resolved; (3) the court’s conclusion that the insurer had waived its objections was unfounded; and (4) even if the insurer waived its objections, the sanction of producing privileged information is overly harsh.
 

 In their response, the plaintiffs argue that the circuit court did not order the insurer to produce privileged information. Rather, according to the plaintiffs, the orders merely prevented the insurer from relying on its general objections to discovery. The plaintiffs further claim they do not dispute the insurer’s right to assert work product and attorney-client privileges, which occurred after the first order. The plaintiffs contend that the circuit court needs to address the insurer’s privilege objections and, therefore, there is no issue ripe for this court to review.
 

 We grant the petition. The insurer’s work product and attorney-client privilege objections cannot be deemed waived under the circumstances presented.
 
 See, e.g., Allstate Ins. Co. v. Langston,
 
 627 So.2d 1178, 1179 (Fla. 4th DCA 1993) (directing trial court to conduct in camera inspection for work product and attorney-client privi
 
 *315
 
 leges even though insurer did not assert privileges before filing certiorari petition),
 
 quashed in part on other grounds,
 
 655 So.2d 91 (Fla.1995);
 
 Gross v. Sec. Trust Co.,
 
 462 So.2d 580, 581 (Fla. 4th DCA 1985) (“[W]hile petitioner’s counsel obviously should have asserted privilege at the earliest time, his failure to do so will not prevent the trial court’s in camera examination of the tape to determine if privilege exists.”).
 

 Accordingly, we quash the orders to the extent they provided that “all objections are waived” and that the insurer may not assert work product and attorney-client privilege objections. The circuit court shall evaluate the privilege objections, and shall conduct an in camera inspection if necessary.
 

 Petition granted.
 

 STEVENSON, MAY and GERBER, JJ., concur.