FERNANDEZ, J.
Terra Title Corporation, Inc. appeals the trial court’s order granting the receiver’s, appellee Andrew B. Hellinger’s, amended motion to compel Terra Title to transfer escrow funds. We treat this appeal from this non-final order as a petition for writ of certiorari, pursuant to rule 9.100, Florida Rules of Appellate Procedure, and deny the petition because there is no departure from the essential requirements of the law.
iStar Tara, LLC filed the underlying foreclosure suit against developer Royal Palm Miami Holding, LLC upon the default of a promissory note for a condominium project for which Terra Title was the escrow and closing agent. Hellinger, the court appointed receiver for the project, requested that Terra Title turn over documents relative to the escrow funds and transfer escrow funds to the new escrow agent. Terra Title ultimately produced documents, but it did not fully transfer escrow funds. The trial court thus ordered Terra Title to transfer escrow funds.
The order under review does not result in any of the circumstances for which certiorari relief is warranted. The applicable standard of review is whether the challenged order constitutes a departure from the essential requirements of the law which causes material injury throughout the lawsuit that leaves the petitioner with no other adequate remedy to review the alleged erroneous order. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Terra Title is mistaken that the order deprives it of its immediate right to the possession of the escrow funds in violation of the escrow and purchaser agreements. The receiver acted well within his broad authority, and the transfer of escrow funds is necessary and relevant to an effective accounting of the real and personal property encumbered by the mortgage in the underlying foreclosure action. Further, no irreparable injury has yet occurred, and none is certain to follow.
Accordingly, we deny the petition.