# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-3938

———————————————

MARILYN ROSEANNE HUNT,

Petitioner,

v.

JAMES LIGHTFOOT,

Respondent.

———————————————

Petition for Writ of Certiorari – Original Jurisdiction.

February 9, 2018

WETHERELL, J.

Marilyn Roseanne Hunt, the defendant below, petitions for a writ of certiorari to review an order compelling production of a surveillance video of Respondent that Hunt does not intend to use at trial. We grant the petition and quash the order for the reasons that follow.

I

Respondent, the plaintiff below, served discovery requests on Hunt for copies of "all videos, photographs, reports, invoices, documents and any other item(s) and/or documents pertaining to any and all surveillance performed o[n] Plaintiff." Hunt objected on grounds of attorney work product, but she agreed to produce copies of anything that she intended to use at trial in accordance with the court-mandated exhibit exchange.

The trial court held a hearing on the objection. At the hearing, Hunt's counsel told the trial court that (1) Respondent had been provided a copy of the 2014 surveillance video that Hunt intended to use at trial, and (2) additional surveillance was conducted in 2016 but Hunt did not intend to use video of that surveillance at trial. Respondent's counsel referred the trial court to *Dodson v. Persell*, 390 So. 2d 704 (Fla. 1980), and argued that although Hunt was not required to disclose the contents of the surveillance that she did not intend to use at trial, she was required to disclose the existence of all surveillance.[1] The trial court overruled Hunt's objection and ordered her to provide the following information about the 2016 surveillance: "the person who took the film, when it was taken, and where it was taken."

---

[1] Specifically, counsel for Respondent told the trial court:

So what we're talking about is not the contents of surveillance, and that's the big difference here . . . . We want to know whether there is [surveillance], what there is [surveillance] of, and the dates. And that is all. We don't need to get into the observations or any of that.

And that's where [*Dodson*] becomes relevant, because it specifically held that the existence of surveillance and photographs is discoverable in every instance. The contents are only discoverable if the material will be used in evidence, but we don't want the contents. We want to know about the existence.

And, in this case, especially where they plan on using some of it, it has definitely become relevant. . . . .

THE COURT: I'm sorry. The one that they said they're not going to use –

[RESPONDENT'S COUNSEL]: We still get to know about the existence. We don't get the contents of it, but certainly the existence of it.

After Hunt provided this information, Respondent filed a motion to compel production of the 2016 surveillance video. In direct contradiction to the position taken by his counsel at the hearing, Respondent argued in the motion to compel that the contents of all of the surveillance must be disclosed because Hunt intended to use a portion of the surveillance at trial. The trial court granted the motion without further hearing and ordered Hunt to produce the 2016 video.[2]

Hunt timely filed a petition for writ certiorari in this court to review the trial court's order. We expedited consideration of the petition on Respondent's motion, and based on the impending trial date, we issued an unpublished order granting the petition and quashing the challenged order. We now issue this opinion explaining our ruling.

## II

Certiorari relief is appropriate when an order departs from the essential requirements of the law and causes material injury to the petitioner that cannot be remedied on appeal. *See Martin-Johnson v. Savage*, 509 So. 2d 1097, 1100 (Fla. 1987). Although "not *every* erroneous discovery order creates certiorari jurisdiction in an appellate court," *id.* (emphasis in original), it is appropriate for the appellate court to exercise its certiorari jurisdiction to review an order permitting discovery of material protected by the attorney work-product privilege because the resulting harm cannot be remedied on appeal. *See Allstate Ins. Co. v. Langston,* 655 So. 2d 91, 94 (Fla. 1995) (explaining that "certain kinds of information 'may reasonably cause material injury of an irreparable nature,'" including "cat out of the bag" information such as that "protected by privilege, trade secrets, work product, or involving a confidential informant") (quoting *Martin–Johnson,* 509 So. 2d at 1100).

---

[2] The order also required Hunt to disclose the amounts paid to the company that performed the 2016 surveillance, but Respondent represented in his response to the petition for writ of certiorari that he is no longer seeking this financial information.

It is well-established that surveillance videos and other materials prepared by a party's investigator in anticipation of or in connection with litigation are attorney work product. *See Dodson*, 390 So. 2d at 707. It is also well-established that although the *existence* of the surveillance must be disclosed upon request whether or not it will be used at trial, the *content* of the surveillance is discoverable only if it will be used at trial. *Id.*; *see also Huet v. Tromp*, 912 So. 2d 336, 338 (Fla. 5th DCA 2005) (explaining that "a party may waive the work product privilege with respect to matters covered by an investigator's anticipated testimony when a party elects to present the investigator as a witness").

Here, it is undisputed that Hunt does not intend to use the 2016 surveillance video at trial. Thus, the content of the video is not discoverable absent a showing of extraordinary circumstances. *See Huet*, 912 So. 2d at 340-41 (quoting *Dodson*, 390 So. 2d at 707-08, and Florida Rule of Civil Procedure 1.280(b)(4)(B)). Respondent made no such showing, nor did he even attempt to do so below.[3] Accordingly, the trial court departed from the essential requirements of law in ordering production of the 2016 video.

We have not overlooked Respondent's argument that because Hunt intends to use the 2014 surveillance video at trial, the 2016 video must also be produced in discovery. However, under the

---

[3] Respondent contends that he was only required to show that he "has a need of the materials in the preparation of his case" and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." But, even if that standard applied, Respondent failed to meet it because his claimed need for the 2016 video was to show that the 2014 video represented only a snapshot in time and that it did not necessarily represent his condition at other times not depicted on the video. This self-evident point can be made through cross-examination of the witness through which the 2014 video is offered and the testimony of Respondent or other witnesses who have first-hand knowledge of his condition at points not depicted in the video.

4

circumstances of this case, we do not find this argument—or the federal cases[4] on which it is based—persuasive because the videos at issue in this case do not depict a continuous period of surveillance such that principles of fairness and completeness require the production of the later video in conjunction with the earlier video. Rather, the videos involve entirely separate periods of surveillance that were two years apart and were conducted by different companies.

Moreover, taken to its logical end, Respondent's argument is tantamount to saying that *all* attorney work product on a particular subject is discoverable if *any* evidence on that subject is presented at trial. If that were correct, then if an attorney consulted with an expert on a particular issue in preparing for trial but elected to use a different expert on the issue at trial, then the opposing party would have right to discover the facts known to both experts. However, that proposition is inconsistent with the distinction in the Florida Rules of Civil Procedure between testifying experts and consulting experts, *see* Fla. R. Civ. P. 1.280(b)(5)(A)-(B), and it also finds no support in *Dodson*, wherein the Court emphasized that "one party is not entitled to

---

[4] *See, e.g., Hairston v. ED Nelson Transport*, 2015 WL 12843869 (M.D. Fla. 2015); *Roa v. Tetrick*, 2014 WL 695961 (S.D. Ohio 2014); *Papadakis v. CSX Transp., Inc.*, 233 F.R.D. 227 (D Mass. 2006); *Smith v. Diamond Offshore Drilling, Inc.*, 168 F.R.D. 582 (S.D. Tex. 1996). All of the cases appear to involve a single, continuous period of surveillance, not multiple periods of surveillance as in this case. Indeed, the *Hairston* case on which Respondent most heavily relies for the proposition that all surveillance evidence must be produced even when only a portion will be used at trial distinguishes *Angelucci v. Gov't Employees Ins. Co.*, 2011 WL 4809146 (M.D. Fla. 2011), in which the court denied a motion to compel production of a 2011 surveillance video that the defendant did not intend to use at the retrial in the case even though a 2009 surveillance video had been produced and used at the initial trial. *See Hairston*, 2015 WL 12843869, at *2 (distinguishing *Angelucci* because "in that case there was a two-year gap and an intervening trial between the first and second surveillance"). This case is more like *Angelucci* than *Hairston* and the other federal cases cited by Respondent.

5

prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures." 390 So. 2d at 708.

That said, we recognize that in *Northup v. Acken*, 865 So. 2d 1267 (Fla. 2004), the Court held that a defendant whose attorney had gathered depositions previously given by one of the plaintiff's experts in unrelated cases was required to produce all of the depositions in discovery where he intended to use certain unspecified portions of the depositions to impeach the witness at trial. However, Respondent's reliance on that case is misplaced because in *Northup*, the defendant refused to produce *any* of the depositions that he might use for impeachment whereas, in this case, Hunt produced the *only* video that he intends to use at trial. Thus, while *Northup* stands for the proposition that a party must disclose materials—including attorney work product—that the party *may use* at trial, *id.,* at 1272, it does not require disclosure of attorney work product (such as the 2016 surveillance video in this case) that the party unequivocally *does not intend to use* at trial.

## III

In sum, because the trial court departed from the essential requirements of law in ordering Hunt to produce the 2016 surveillance video that is protected by the attorney work-product privilege thereby causing material injury that cannot be remedied on appeal, we grant Hunt's petition for writ of certiorari and quash the order compelling production of the 2016 video and the financial information related to that video.

PETITION GRANTED; ORDER QUASHED.

RAY and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Dennis P. Dore and Nikki E. Hawkins of Quintairos, Prieto, Wood & Boyer, P.A., Jacksonville, for Petitioner.

Bryan S. Gowdy and Rebecca Bowen Creed of Creed & Gowdy, P.A., Jacksonville; Joseph V. Camerlengo of Camerlengo & Anderson, P.L., Jacksonville, for Respondent.