# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1311
Lower Tribunal No. 17-10899
_____

**Geilan Sahmoud,**
Petitioner,

vs.

**Gamal Marwan,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, David H. Young, Judge.

Buchbinder & Elegant, P.A., and Harris J. Buchbinder, for petitioner.

Gamal Marwan, in proper person.

Before SCALES, LINDSEY and BOKOR, JJ.

BOKOR, J.

Petitioner, Geilan Sahmoud, brings this original petition for certiorari seeking to quash a trial court order in a contempt and enforcement action directing her to comply with a request for production brought by Sahmoud's former husband, Gamal Marwan. Sahmoud alleges that the requested documents, which include her passport and other documents relating to her application for political asylum in the United States, are irrelevant to the underlying action and would likely result in harassment if provided. Thus, she contends that the trial court departed from the essential requirements of the law by overruling her objections and ordering that the request be granted.

To be entitled to certiorari relief, a petitioner must demonstrate a departure from the essential requirements of the law resulting in irreparable harm that cannot be corrected on post-judgment appeal. See, e.g., Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004). A "departure from the essential requirements of the law" is more than mere legal error; it requires a showing of "a violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So. 2d 93, 95–96 (Fla. 1983). Further, "[s]ince it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually." Id.

2

Here, even if we were to agree that the requested discovery is irrelevant to the underlying action, we see no "'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) (quoting in part Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1100 (Fla. 1987)).

The discovery request here arose in the context of a contempt and enforcement action wherein Sahmoud claimed that Marwan had failed to make various alimony, child support, and equitable distribution payments in accordance with the marital settlement agreement incorporated into the final judgment of dissolution. Sahmoud also sought an order preventing Marwan from travelling out of the country with their children, asserting that Marwan, an Egyptian national, concealed or divested various assets in America and may have been planning to flee the country with the children. Shortly thereafter, Marwan filed a request for production of all documents relating to Sahmoud's ongoing attempt to permanently relocate to America, asserting that Sahmoud's pending application for political asylum was fraudulent and that discovery of these documents was necessary to support his motion to strike her pleadings for alleged fraud upon the court. Sahmoud objected to the request, contending that the fraud allegations were fabricated and that

3

the discovery request was irrelevant and intended only to harass and embarrass her or interfere with her asylum request. After a hearing, the trial court overruled the objections and granted the request with the condition that the documents be kept confidential within the proceedings.

Absent more, the production of possibly irrelevant information fails to satisfy the requirements for certiorari relief. Sahmoud sought the same passport and travel information from Marwan, and the trial court merely allowed reciprocal discovery. Additionally, the trial court crafted a confidentiality requirement to address Sahmoud's fear of improper disclosure. It is unclear how the trial court's confidentiality condition failed to protect Sahmoud. It is equally unclear how the information could be weaponized and used against Sahmoud, even absent the confidentiality order, as it would likely be information reviewed by the immigration authorities. It is axiomatic that discovery cannot be used solely to harass. See Elkins v. Syken, 672 So. 2d 517, 522 (Fla. 1996) ("Discovery was never intended to be used as a tactical tool to harass an adversary . . . . To allow discovery that is overly burdensome and that harasses, embarrasses, and annoys one's adversary would lead to a lack of public confidence in the credibility of the civil court process."); Surf Drugs, Inc. v. Vermette, 236 So. 2d 108, 111–12 (Fla. 1970) ("Discovery procedures may not be used or

4

conducted to harass or embarrass litigants or witnesses or for malicious purposes."). However, other than conclusory allegations, it is unclear how the dissemination of the confidential information, which presumably the U.S. immigration authorities would already have access to, would constitute harassment though the specter of dissemination of harmful, "cat-out-of-the-bag" discovery for which certiorari relief lies. See Langston, 655 So. 2d at 94.

Petition denied.