# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0280
Lower Tribunal No. 24-21031-CA-01
_____

**Ontario Wound Management, LLC,**
Petitioner,

vs.

**Legacy Medical Consultants, L.P., etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Schwartz Sladkus Reich Greenberg Atlas LLP, Jonathan Mann, and Robin Bresky (Boca Raton), for petitioner.

Blank Rome LLP, and Michael R. Esposito (Tampa), for respondent Legacy Medical Consultants, L.P.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

GOODEN, J.

Respondent Legacy Medical Consultants, L.P. filed suit against Petitioner Ontario Wound Management, LLC and Larry Waldman for intentional misrepresentation, negligent misrepresentation, conversion, and civil theft. At the heart of the action is the allegation that funds were misappropriated. As an affirmative defense, Ontario Wound Management asserted the claims are "barred because Defendants did not take any money for themselves, but instead delivered them to third parties for payment to be made to Plaintiff."

During discovery, Legacy Medical Consultants filed a notice of intent to serve a subpoena duces tecum on JPMorgan for bank records. These records were sought to trace the flow of funds during a two-year period and include requests to whom wire transfers were made, wire message data, accounts statements reflecting the withdrawals, and other documents related to the funds. Ontario Wound Management and Waldman objected asserting the request was overbroad and irrelevant, and sought confidential financial information. The trial court denied the objections and authorized the issuance of the subpoena. Ontario Wound Management seeks a writ of certiorari quashing that order.[1]

---

[1] Larry Waldman did not seek certiorari relief and did not otherwise appear in these proceedings. As a result, he is designated as a Respondent. See Fla. R. App. P. 9.100(b)(1).

"[C]ertiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995). Disclosure of certain kinds of information may cause irreparable harm. Id. This includes "'cat out of the bag' material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed." Id.

"Financial accounts and information qualify as privileged records." Schaeffer v. Medic, 394 So. 3d 128, 131 (Fla. 3d DCA 2024). They are confidential. § 655.059(1)(e), Fla. Stat. For natural persons, these records also fall within the protection of Article I, section 23 of the Florida Constitution. See Art. I, § 23, Fla. Const.; Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regul., 477 So. 2d 544, 548 (Fla. 1985) ("Florida recognizes an individual's legitimate expectation of privacy in financial institution records."); Network Commc'ns of Nw. Fla., Inc. v. Dep't of Revenue, 334 So. 3d 707, 710 (Fla. 1st DCA 2022) ("Network, however, is a corporation, and this constitutional protection does not extend to business entities."); Borck v. Borck, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005)

3

("Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."). Thus, their unwarranted disclosure causes irreparable injury. Mogul v. Mogul, 730 So. 2d 1287, 1290 (Fla. 5th DCA 1999).

But where the discovery is reasonably calculated to lead to admissible evidence and relevant to the matters framed by the pleadings, it is not a departure from the essential requirements of the law to allow discovery of financial information. Schaeffer, 394 So. 3d at 131; Sutton v. Wilmington Tr., Nat'l Ass'n, 390 So. 3d 116, 117 (Fla. 3d DCA 2024). "A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant by the requesting party." Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189, 194 (Fla. 2003).

That is the case here. The electronic trail of the funds are at issue. Cf. Rousso v. Hannon, 146 So. 3d 66, 69 (Fla. 3d DCA 2014) ("In the instant case, Mirmelli's complaint and Hannon's affirmative defenses do not implicate the financial records of Rousso or Alhadeff."). And so, we deny the petition.

Petition denied.

4