922 So.2d 998 (2005)
JMIC LIFE INSURANCE COMPANY, Petitioner,
v.
Nancy L. HENRY, Respondent.
No. 5D05-1133.
District Court of Appeal of Florida, Fifth District.
December 30, 2005.
Rehearing Denied March 14, 2006.
*999 Matthew J. Jowanna of Luks, Santaniello, Perez, Petrillo & Gold, Tampa, Daniel J. Santaniello of Luks, Santaniello, Perez, Petrillo & Gold, Fort Lauderdale, and J. Andrew Keyes and Katherine P. Chiarello of Williams & Connolly LLP, Washington, DC, for Petitioner.
Robert R. Hearn of Zuckerman Spaeder LLP, Tampa, for Respondent.
PALMER, J.
JMIC Life Insurance Company has filed a petition seeking certiorari review of the trial court's order compelling it to make three of its employees available for deposition, to produce certain documents, and to answer certain interrogatories. Concluding that JMIC has failed to establish that the trial court's order departs from the *1000 essential requirements of law, we deny the petition.
Nancy L. Henry and her now deceased husband, George, purchased a credit life insurance policy from JMIC in connection with their purchase of an automobile. Upon Mr. Henry's death, Mrs. Henry filed a claim with JMIC seeking payment under said policy. JMIC denied the claim contending that Mr. Henry was not eligible to be covered by the policy because of his medical history.
Mrs. Henry responded to JMIC's denial by filing a five-count complaint alleging claims of fraudulent inducement, breach of fiduciary duty, unjust enrichment, fraud, and first-party bad faith. During discovery, JMIC voluntarily produced its entire claim file and, pursuant to an agreed order, provided additional documents, including its claims procedure manuals, its training manuals, and its commission agreement. JMIC also permitted Mrs. Henry to take the deposition of Mike Moran, a JMIC corporate representative.
Mr. Moran's deposition was not completed on the first day, but the testimony submitted on that day included statements concerning JMIC's claim files, its handling of Mrs. Henry's claim, JMIC's claims handling procedures and business policies, and the interpretation of form documents. During the deposition, Mrs. Henry learned of two other cases in which JMIC had initially disputed coverage but eventually paid claims under similar facts. JMIC permitted Moran to testify about both of those cases.
Mrs. Henry thereafter sent out follow-up document requests concerning the two other similar cases as well as other documents identified during Moran's deposition. Additionally, she propounded more interrogatories, noticed the continuation of Moran's deposition, and noticed the depositions of other JMIC employees.
JMIC failed to appear at the scheduled depositions and refused to produce the documents sought in Mrs. Henry's second request to produce. Instead, JMIC filed a motion for protective order. In its motion, JMIC objected to the requests submitted by Mrs. Henry, arguing for the first time that said discovery related only to her bad faith claim and, as such, the requests were premature. Mrs. Henry responded with a motion to compel discovery.
After conducting a hearing, the trial court granted Mrs. Henry's motion to compel the depositions, denied JMIC's motion for protective order, and granted in part Mrs. Henry's motion to compel responses to her written discovery request. JMIC seeks certiorari review of the trial court's order, raising three claims of error.
First, JMIC argues that the trial court's order departs from the essential requirements of law because it improperly compels JMIC to disclose information that is protected by the work product doctrine. However, nothing on the face of the trial court's order requires JMIC to disclose information that is protected by the work product doctrine. As the trial court explained in its order denying JMIC's motion for stay:
[T]he Court's March 9, 2005 Order did not compel JMIC to produce any work product. Nor did the Court rule on any work product issue in that Order. JMIC's corporate representative testified on September 23, 2004 that he did not know whether the company had knowledge concerning the conversation between the Henrys and the company's agent at the point of sale of the insurance product at issue in the case. Because the corporate representative did not know, JMIC did not instruct its witness not [to] answer on work product grounds, and there is no motion to compel and no ruling on the point. If, at the continuation of the corporate representative *1001 deposition ordered by the Court, the objection is asserted and an appropriate motion is made, then the Court will rule. But that is only hypothetical at this stage. The issue of work product did not otherwise arise in connection with the matters decided in the March 9, 2005 Order.
The trial court's order makes clear that work product materials were not ordered to be produced and that, if a work product issue arose later, the trial court would address the matter upon appropriate motion.
Next, JMIC argues that the trial court's order departs from the essential requirements of law because the order improperly compels it to produce information about its claim files, claims handling practices, and business policies before coverage has been established. According to JMIC, Mrs. Henry is not entitled to receive discovery of such matters at this time because her claim of bad faith has not yet accrued. However, Mrs. Henry is not suing only on the theory of bad faith. Her complaint includes four other causes of action and the trial court properly found that the documents sought were within the scope of discovery as to those other claims.
JMIC makes the additional argument that the discovery Mrs. Henry has requested is not relevant with regard to the other four counts in her complaint. However, lack of relevancy, standing alone, is generally not a sufficient basis for granting certiorari relief. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla. 1995). See also Colbert v. Rolls, 746 So.2d 1134 (Fla. 5th DCA 1999), rev. dismissed, 751 So.2d 1251 (Fla.2000)(holding that appellate courts are reluctant to review relevancy issues by certiorari). Furthermore, Moran has already testified extensively at his deposition regarding these topics without objection. As such, JMIC has waived this objection.
Lastly, JMIC argues that the trial court departed from the essential requirements of law by permitting Mrs. Henry to take the deposition of Jim Williams. According to JMIC, Williams is a "senior management executive," and therefore, Mrs. Henry is not entitled to take this "apex" deposition until she has exhausted other discovery and can demonstrate that Williams is uniquely able to provide relevant information that cannot be obtained from other sources, citing to Department of Agriculture and Consumer Services v. Broward County, 810 So.2d 1056 (Fla. 1st DCA 2002). We disagree.
Williams is not an "apex" level executive. Rather, he is an operational level vice president who reviews all credit insurance claims in excess of $10,000. He was ultimately responsible for JMIC's denial of Mrs. Henry's claim.
PETITION DENIED.
PETERSON, J., concurs.
GRIFFIN, J., dissents without opinion.