FERNANDEZ, J.
Publix Super Markets, Inc., petitions this Court for a writ of certiorari to quash the trial court’s discovery order that instructed Publix to supplement its response to an earlier interrogatory. We grant Publix’s petition for writ of certiorari because the trial court’s discovery order gives the respondent carte blanche to irrelevant discovery, thus it departs from the essential requirements of the law and causes irreparable injury to Publix, for which there is no adequate remedy on appeal.
Marisol Santos filed suit against Publix for common law negligence and negligent mode of operation. Santos alleged she was an invitee on May 25, 2011, at a specific Publix store located in Miami, Florida. She also alleged that she slipped and fell as a result of “old wet spinach or some other transitory substance” on the floor at that Publix store.[1] Santos sought the discovery of all slips and falls at the specific store where she fell, within the three years prior to her accident. Publix served Santos with its response to that interrogatory, which showed that no prior *319 incidents occurred in the subject Publix store.
Santos thereafter sought to depose Pub-lix and requested that Publix produce all incident reports relative to any occurrence at kiosks located in Publix stores within the State of Florida. Publix objected and moved for a protective order, contending that the burden of proof standard set forth in section 768.0755, Florida Statutes (2011), did not require it to produce the information Santos sought. The trial court ordered Publix to supplement its response to an earlier interrogatory, which was directed to prior incidents at the store, with information as to all of Publix’s stores statewide within the past three years.
Publix correctly argues that cer-tiorari relief is appropriate. This Court has jurisdiction to review a discovery order when the order departs from the essential requirements of law, causes material injury throughout the remainder of the proceedings below and leaves no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Although overbreadth by itself is not a sufficient basis for certiorari jurisdiction, the Florida Supreme Court has held that cer-tiorari review is appropriate where the discovery order effectively grants “carte blanche” to irrelevant discovery. See Board of Trs. of Internal Improvement Trust Fund v. American Educ. Enters., LLC, 99 So.3d 450, 457 (Fla.2012) (citation omitted). In addition, because the trial court’s discovery order is limited to its interpretation of section 768.0755, we review the interpretation of the statute de novo. See West Fla. Reg. Med. Ctr., Inc. v. See, 79 So.3d 1, 8-9 (Fla.2012).
We agree with Publix that the trial court departed from the essential requirements of law and misconstrued section 786.0755 when it required Publix to provide incident information relating to all Publix stores located in Florida. We conclude that the trial court misinterpreted section 768.0755 because it allowed Santos to procure information that is irrelevant with respect to her burden of proof under the applicable statute. In effect, the order grants Santos “carte blanche” discovery to this irrelevant information.
Section 768.0755(1) states, “[i]f a person slips and falls on a transitory substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.” § 768.0755(1), Fla. Stat. (2010). Further, the statute states, “[t]his section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.” § 768.0755(2), Fla. Stat. (2011).
When the legislature repealed section 768.0710, Florida Statutes (2009), and enacted section 768.0755, the “business establishment” language of subsection one replaced the “person or entity” language, which is still found in subsection two. Compare § 768.0710, Fla. Stat. (2009), with § 768.0755, Fla. Stat. (2010). Section 768.0710 focused primarily on the actual or constructive knowledge of the “person or entity in control of the business premises.” See § 768.0710 (2009), Fla. Stat. The legislature’s enactment of section 768.0755 instead focuses on the particular “business establishment” where the slip and fall occurred. An injured person must now prove that the particular “business establishment” where the injury occurred had actual or constructive knowledge of the dangerous condition and discovery should be restricted to information on the particular establishment. See § 768.0755(1), Fla. Stat. (2010). However, the term “business establishment” is not defined in the statute, nor is it defined in any Florida case.
*320 The Florida Supreme Court declared that when the legislature amends a statute and omits words, the courts must presume the omission gives the statute a different meaning than its predecessor. See Capella v. City of Gainesville, 377 So.2d 658, 660 (Fla.1979); Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362 (Fla.1977) (explaining that change in language indicates the legislature’s intent to change the meaning of the amended statute). Furthermore, when a statute has not defined a certain term, a basic canon of statutory-construction requires the specific term to be given its plain and ordinary meaning. See United Auto. Ins. Co. v. Salgado, 22 So.3d 594, 603 (Fla. 3d DCA 2009) (quoting Florida Dep’t. of Revenue v. New Sea Escape Cruises, Ltd., 894 So.2d 954, 961 (Fla.2005)). The plain and ordinary meaning of a term can be ascertained through the use of a dictionary. Id.; Gardner v. Johnson, 451 So.2d 477, 478 (Fla.1984) (explaining that terms found in a statute can be given their plain and ordinary meaning and readily understood by referring to a dictionary).
The term “business establishment” is defined as “a location where business is conducted, goods are made or stored or processed or where services are rendered.” See http://definitions.uslegal.com/ b/business-establishment/ (last visited Jul. 18, 2013).[2] As such, the “business establishment” in this case refers to the actual place of business where the slip and fall occurred, not the total network of stores which the “person or entity [Publix] in possession or control of the business premises” owns and operates.
The use of the term “business establishment” found in the current section 768.0755, instead of the use of the term “person or entity” found in the repealed section 768.0710, evidences the legislature’s intent to reject the previous language in the repealed section and construe premises liability based on the actual or constructive knowledge of the particular place or business establishment where the accident occurred. Section 768.0755(1) also employs the definite article “the” to modify “business establishment,” further evidencing the legislature’s intent to limit the statute’s scope to a specific and identifiable location. See § 758.0755, Fla. Stat. (2010). Thus, Santos’ discovery requests of accidents at kiosks located in other Pub-lix stores within the State of Florida are no longer proper.
We therefore conclude that the trial court departed from the essential requirements of the law when it entered the discovery order for Publix to produce incident reports that dealt with slips and falls at kiosks located at all Publix stores in the State of Florida. To hold otherwise grants Santos “carte blanche” irrelevant discovery, which falls outside the context of section 768.0755. Santos must rely on the actual or constructive knowledge of the subject store where the accident occurred.
Petition granted; order quashed.

. Santos alleged that the operation of a kiosk caused a dangerous condition. The substance was found at or near that kiosk located in the store. The kiosk is part of the Publix Aprons Program where Publix provides recipes and in-store cooking demonstrations to customers for their in-store sampling. See http://www. publix.com/aprons/about/ApronsProgram.do, last visited June 20, 2013.

. See also https://www.vocabulary.com/ dictionary/business% 20establishment (“an establishment (a factory or an assembly plant or retail store or warehouse etc.) where business is conducted, goods are made or stored or processed or where services are rendered”)(last visited Jul. 18, 2013).