STEVENSON, J.
Marlon Anthony Ellison challenges his conviction for bribery by a public servant in violation of section 838.015(1), Florida Statutes (2008). The defendant was a corrections officer at a prison and employed by a private company that operated the prison pursuant to a contract with the State. The charges were filed following a prison corruption investigation during which a confidential informant advised police that the defendant was willing to smuggle contraband into the prison for a fee. The defendant argues that he cannot be convicted for a violation of section 838.015 because he was not a “public servant” within the meaning of the statute. As explained below, we conclude that the Correctional Privatization Act, Florida Statutes Chapter 957, brings Ellison and his conduct within the reach of section 838.015. Thus, we affirm the conviction.
The alleged bribery offense took place in October of 2008. It is undisputed that the defendant was employed by GEO Group, a publicly-traded corporation that operated South Bay Prison pursuant to a contract with the State. Relying upon these undisputed facts, the defendant filed a motion to dismiss, arguing that as an employee of a private company, and not a governmental entity, he was not a “public servant,” as that term is defined in the Florida Statutes. The trial court denied the motion, relying upon two alternative theories. First, the trial court found the defendant was a “consultant” performing a governmental function and, thus, a “public servant.” Second, the trial court found that, even if not a “public servant,” the defendant could still be convicted by virtue of section 957.09, Florida Statutes (2008), which generally provides if an act would be a crime if committed at a state correctional facility, then such act is also a crime if committed at a privately-run correctional facility. § 957.09(l)(a), Fla. Stat. Reserving his right to appeal the ruling, the defendant pled guilty.
Section 838.015 makes it a second degree felony for a “public servant” to accept pecuniary benefit given for the purpose of influencing such public servant in the performance of his duties. § 838.015(1), (3), Fla. Stat. A “public servant” is defined as follows:
“Public servant” means:
(a) Any officer or employee of a state, county, municipal, or special district agency or entity;
(b) Any legislative or judicial officer or employee;
(c) Any person, except a witness, who acts as a general or special magistrate, receiver, auditor, arbitrator, umpire, referee, consultant, or hearing officer while performing a governmental function; or
*293 (d) A candidate for election or appointment to any of the positions listed in this subsection, or an individual who has been elected to, but has yet to officially assume the responsibilities of, public office.
§ 838.014(6), Fla. Stat. (2008).
The defendant insists he does not fit within the statute’s definition of “public servant.” We agree. Subsections (b) and (d) are plainly inapplicable. Likewise, the defendant’s employment by a private company — not a governmental entity — precludes him from falling within the scope of subsection (a). And, while the day-to-day operation of a state prison is fairly characterized as the performance of a governmental function, we reject the notion that, in performing his duties as a corrections officer, the defendant was acting as a “consultant.” See, e.g., Publix Supermarkets, Inc. v. Santos, 118 So.3d 317, 320 (Fla. 3d DCA 2013) (stating that, where term not defined in statute, it should be given its “plain and ordinary meaning”); Consultant Definition, http://dictionary. cambridge.org/us/dictionary/american-english/eonsultant (last visited Dec. 6, 2013) (defining “consultant” as person “whose job is to give advice”); Consultant Definition, http://www.oxforddictionaries. com/us/definition/american_english/ consultant (last visited Dec. 6, 2013) (defining “consultant” as person who provides expert advice).
We agree with the trial court, however, that section 957.09, Florida Statutes, subjects the defendant to criminal liability. Section 957.09 is part of the “Correctional Privatization Act,” enacted in 1993 and authorizing the Department of Corrections to contract with private entities to operate prisons, provided certain conditions are met. Section 957.09 states that “[a]ny offense that if committed at a state correctional facility would be a crime is a crime if committed by or with regard to inmates at private correctional facilities .... ” § 957.09(l)(a), Fla. Stat. As it would be a crime and a violation of section 838.015(1) for a corrections officer at a state prison and employed by the State to agree to smuggle contraband into a prison for a fee, the conduct alleged here, it is also a crime for a corrections officer at a state prison and employed by a private company that runs the prison pursuant to a contract with the State to engage in such conduct.
We have examined the other arguments raised by defendant, but find them unpersuasive. Accordingly, the defendant’s conviction is affirmed.

Affirmed.

CIKLINS and KLINGENSMITH, JJ., concur.