# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2669
Lower Tribunal No. 13-24231
_____

**Kobi Karp Architecture & Interior Design, Inc.,**
Petitioner,

vs.

**Charms 63 Nobe, LLC,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Richard and Richard, P.A., and Dennis Richard and Michael R. Tolley, for petitioner.

Jason R. Alderman, for respondent.

Before ROTHENBERG, FERNANDEZ and SCALES, JJ.

SCALES, J.

Kobi Karp Architecture & Interior Design, Inc., defendant below ("Kobi Karp"), petitions this Court for a writ of certiorari to quash the trial court's order

that compelled six of Kobi Karp's clients to produce records related to those clients' architectural services contracts with Kobi Karp. Because the trial court's discovery order (i) creates material harm that (ii) cannot be remedied on plenary appeal, and (iii) departs from the essential requirements of the law, we grant the petition.

## I. Facts

### A. *The Parties' Contract*

In May 2004, Kobi Karp entered into an architectural services contract with the owner of real property located in Miami Beach. In October 2008, a receiver was appointed to manage the affairs associated with the property. The receiver's duties included completing construction of a twenty-eight unit residential condominium building on the property.

In November 2008, Kobi Karp and the receiver entered into a contract whereby Kobi Karp agreed to provide the receiver with construction administration services related to the condominium project.

In exchange for the lump sum of $65,355.50, Kobi Karp agreed to perform fifteen distinct tasks defined by the contract as "Basic Services." Those tasks are itemized under the contract's "Construction Administration" heading.

In exchange for additional compensation, Kobi Karp also agreed to perform certain "Optional Additional Services" beyond the enumerated Basic Services.

Specifically, under the contract's Optional Additional Services heading, the contract identifies thirty-nine services that Kobi Karp agreed to provide for additional compensation.

Under the contract's "Scope of Services" section, which precedes the enumeration of Basic Services, the contract contains the following language purporting to clarify the scope of the Basic Services Kobi Karp was obligated to perform:

> The following activities are listed for the purpose of clarifying their inclusion in our scope of services to be performed by properly licensed and qualified architects, however this list does not represent all work included in our scope of services. The enumeration of specific activities shall not be construed to exclude other items generally included in the services of the Architect or fairly implied therein as necessary for the satisfactory completion of services in a time and manner that complies with an agreed project schedule and conforms with all laws, ordinances, rules, regulations and requirements of authorities having jurisdiction over the project as well as any requirement reasonably identified as necessary to facilitate project financing and to coordinate/support project marketing.

B. *The Parties' Contract Dispute*

In May 2009, Charms 63 Nobe, LLC, the respondent here and plaintiff below ("Charms 63"), purchased the property at a foreclosure sale, becoming the receiver's successor-in-interest. Charms 63 completed construction of the condominium building.

The completed condominium building deviated from the permit-approved architectural plans, and, in 2012 or 2013, the City of Miami Beach required

3

Charms 63 to submit "as-built" plans evidencing the deviation from the permit-approved drawings.

Kobi Karp refused to prepare or provide Charms 63 with "as built" plans pursuant to the Basic Services provision of the November 2008 contract between Kobi Karp and Charms 63's predecessor-in-interest.

On July 17, 2013, Charms 63 brought the instant action against Kobi Karp alleging that Kobi Karp breached the November 2008 contract by not providing the "as built" plans as part of the contract's Basic Services.[1]

C. *The Parties' Discovery Dispute*

During discovery, Charms 63 served subpoenas duces tecum on six of Kobi Karp's clients identified by Charms 63 from Kobi Karp's website. The clients have no connection to the condominium project at issue.

Each subpoena seeks the following information from the clients:

(i) all contracts between the clients and Kobi Karp;
(ii) all drafts of all contracts or proposed contracts between the clients and Kobi Karp; and
(iii) all pre-contract communications between the clients and Kobi Karp concerning any contract or proposed contract under which Kobi Karp performed, agreed to perform, or contemplated the performance of any services to be rendered by Kobi Karp.

---

[1] Charms 63 makes other claims against both Kobi Karp and the City of Miami Beach that are not relevant to the discovery issue before this Court.

Kobi Karp filed a motion for protective order arguing that the subpoenas sought information that was irrelevant to any issue in the case and appeared to have been served simply to harass Kobi Karp and its clients.

In response, Charms 63 argued that the information sought by the subpoenas was relevant to establish custom and usage evidence. Specifically, Charms 63 argued that, because the "as built" plans were required by the governmental permitting authority, Kobi Karp had an obligation to prepare the "as built" plans as part of the contract's Basic Services. Charms 63 asserted that the records it sought from Kobi Karp's clients would be probative of whether Charms 63 and Kobi Karp intended for Kobi Karp to provide such "as built" drawings as part of the contract's Basic Services.

While the trial court denied Kobi Karp's motion for protective order, the trial court stayed its order pending review by this Court. Kobi Karp brought the instant petition seeking certiorari review of the trial court's order that effectively compelled Kobi Karp's clients to produce the requested documents.

## II.    Standard of Review

Certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury, which cannot be remedied on plenary appeal. Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995); Root v.

Balfour Beatty Constr., LLC, 132 So. 3d 867, 869 (Fla. 2d DCA 2014); Publix

Supermarkets, Inc. v. Santos, 118 So. 3d 317, 319 (Fla. 3d DCA 2013).

While certiorari is not an appropriate remedy merely because a discovery

order requires the production of irrelevant material, "a litigant is [not] entitled

*carte blanche* to irrelevant discovery." Langston, 655 So. 2d at 95.[2] See also JMIC

Life Ins. Co. v. Henry, 922 So. 2d 998, 1001 (Fla. 5th DCA 2005) ("lack of

relevancy, standing alone, is generally not a sufficient basis for granting certiorari

relief").

---

[2] It should be noted that Langston's prohibition of granting a party "*carte blanche* to irrelevant discovery[,]" Langston, 655 So. 2d at 95, is somewhat different from, and should not be confused with, the prohibition of irrelevant discovery discussed in Santos. In Santos, this Court granted certiorari relief after the trial court required Publix to produce slip-and-fall incident reports from all of Publix's stores statewide within the past three years. Santos, 118 So. 3d at 320. In Santos, we characterized the plaintiff's discovery request as seeking "carte blanche" discovery of irrelevant information because the overbroad scope of the discovery would have required Publix to produce countless irrelevant incident reports. Id. at 319. By contrast, in Langston, the Florida Supreme Court's use of the phrase "carte blanche to irrelevant discovery" related to discovery requests having no nexus to the subject matter of the pending action. Langston, 655 So. 2d at 95. Langston involved a standard uninsured motorist action; the plaintiff, who did not allege bad faith or unfair claim practices, sought production of an insurance company's internal procedural memos regarding the handling of uninsured motorist claims during the last twelve months. Id. at 95. While both opinions condemn giving a party "carte blanche to irrelevant discovery," subtle differences exist between the facts rendering the sought discovery irrelevant. Langston, 655 So. 2d at 95; Santos, 118 So. 3d at 318.

When the order under review both (i) may reasonably result in irreparable material injury, and (ii) requires the production of irrelevant discovery, certiorari is appropriate. Langston, 655 So. 2d at 94-95.

**III.  Analysis**[3]

*A. Irreparable Harm*

We begin our analysis with the more difficult question of whether the discovery of the requested information "may reasonably cause material injury of an irreparable nature[,]" so as to warrant certiorari relief. Langston, 655 So. 2d at 94 (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1100 (Fla. 1987)).

Kobi Karp invites us to read Langston and Santos broadly so that irreparable harm is presumed whenever a discovery order grants a litigant carte blanche to irrelevant discovery. We decline this invitation.

When, as is apparent under this case's unique facts, a discovery order forces an architect's clients to produce voluminous, patently irrelevant information,[4]

_____

[3] We recognize that it is necessary for us first to conduct the jurisdictional analysis prior to testing whether the trial court's discovery order departs from the essential requirements of law. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 649 (Fla. 2d DCA 1995) ("[A] petitioner must establish that an interlocutory order creates material harm irreparable by postjudgment appeal before this court has power to determine whether the order departs from the essential requirements of the law.").

[4] See infra § III(B) for a discussion of the irrelevancy of the requested information.

7

however, it is entirely reasonable that material injury of an irreparable nature will result.

As Charms 63 conceded during oral argument, Charms 63 could obtain all of the requested information directly from Kobi Karp. Charms 63 correctly points out that the discovery rules do not *require* Charms 63 to seek such information from Kobi Karp first before sending subpoenas to Kobi Karp's clients. We have been provided no authority, however, that suggests that material, irreparable harm cannot occur merely because a discovery tool is authorized by the rules. Indeed, it is certainly reasonable to suspect that the professional relationship will be considerably affected, when an architect's clients are compelled to produce irrelevant information in litigation involving their architect. Discovery is not a weapon. It is a tool. See, e.g., Elkins v. Syken, 672 So. 2d 517, 522 (Fla. 1996) ("Discovery was never intended to be used as a tactical tool to harass an adversary . . . . To allow discovery that . . . harasses, embarrasses, and annoys one's adversary would lead to a lack of public confidence in the credibility of the civil court process.").

In sum, the trial court's order requiring Kobi Karp's clients to provide voluminous, irrelevant discovery results in the type of material, irreparable harm warranting certiorari relief.

B. *Relevancy of the Subpoenaed Records—Departure from Essential Requirements of Law*

8

Having determined that the discovery order causes material injury to Kobi Karp, we now turn to the merits prong of the certiorari test, i.e., whether the order constitutes a "departure from the essential requirements of the law." Parkway Bank, 658 So. 2d at 649.

We begin this portion of the analysis with the general rule that a party may obtain discovery that is relevant to the subject matter of the pending action, and it is not a viable ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Fla. R. Civ. P. 1.280(b)(1).

In this case, both parties agree that the pending action is a breach of contract case, and the disputed issue is whether Kobi Karp was required to provide Charms 63 "as built" drawings as part of the contract's Basic Services.

Without deciding the merits of the underlying contract dispute, we are at a loss as to how, or in what context, the requested information "appears reasonably calculated to lead to the discovery of admissible evidence." Fla. R. Civ. P. 1.280(b)(1).

While Charms 63 insists that the requested information may shed light on the industry's custom and usage, it is well settled that custom and usage evidence is inadmissible to vary express terms of a contract. See Iden v. Kasden, 609 So. 2d 54, 56 (Fla. 3d DCA 1992) ("[W]hile custom or usage may be employed in

9

explanation and qualification of terms of a contract that would otherwise be ambiguous, it cannot operate to contravene express instructions or to contradict an express contract to the contrary."). Here, the contract expressly states that "as built" drawings are an Optional Additional Service.

Charms 63 does not argue the contract is ambiguous so that parol evidence (such as custom and usage) may be admissible. Id. ("[C]ustom or usage may be employed in explanation and qualification of terms of a contract that would otherwise be ambiguous"). To the contrary, Charms 63 argues that, because the "as built" drawings were required by the government (i.e., the City of Miami Beach), as opposed to the owner, the contract's general scope of services provision (requiring Kobi Karp to perform those services reasonably necessary to ensure the project conforms with all laws, ordinances and regulations) **plainly** requires Kobi Karp to provide the "as built" drawings to Charms 63.

Even if Charms 63 were to argue that the contract is ambiguous, the trial court's task would be to determine the intent of the parties **to the contract**. Even given Florida's liberal discovery rules[5], we can see no nexus—much less legal relevance—between the intent of Kobi Karp and Charms 63's predecessor-in-

---

[5] See, e.g., Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 995 (Fla. 1999) ("Our rules of civil procedure broadly allow parties to obtain discovery of 'any matter, not privileged, that is relevant to the subject matter of the pending action,' whether the discovery would be admissible at trial, or is merely 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting Fla. R. Civ. P. 1.280(b)(1)).

interest regarding "as built" drawings, and Kobi Karp's contractual arrangements with other clients regarding unrelated projects.

**IV. Conclusion**

We grant the petition for certiorari and quash the trial court's discovery order that denied Kobi Karp's motion for protective order.