# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-351
Lower Tribunal Nos. 14-13703, 16-1219, & 18-7447
_____

**The Shir Law Group, P.A., Guy M. Shir, Esq., and Stuart J. Zoberg, Esq.,**
Petitioners,

vs.

**Dario Carnevale, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Miguel de la O, Judge.

Robert E. Menje, PLLC, and Robert E. Menje (Pembroke Pines), for petitioners.

Kozyak Tropin & Throckmorton, LLP, and Javier A. Lopez, Tal J. Lifshitz, and John I. Criste, Jr., for respondents.

Before EMAS, C.J., and LOGUE and HENDON, JJ.

HENDON, J.

The Shir Law Group, P.A., Guy M. Shir, Esq., and Stuart J. Zoberg, Esq. (collectively, "the Shir Defendants"), petition this Court for a writ of certiorari, seeking to quash (1) the trial court's order granting the plaintiffs', Dario Carnevale, Esq. and Flavia Carnevale, Esq. (collectively, "the Carnevales"), motion to compel the forensic examination of the Shir Defendants' electronic data, and (2) the trial court's order setting forth the protocol for the forensic examination of the Shir Defendants' electronic data. We grant the petition, in part, quash the order setting forth the protocol for the forensic examination, and remand with directions to enter an amended order limiting the search terms to terms that will protect against the disclosure of privileged or irrelevant information, without hindering the forensic examiner's ability to retrieve relevant, non-privileged information, if any.

The Carnevales sued their former attorneys, the Shir Defendants, alleging counts for malpractice and violations of fiduciary obligations. The Carnevales, who owned a unit at a particular condominium, retained the Shir Defendants to represent them in their opposition to the dissolution of the condominium association, which dissolution would facilitate the sale of all units to a developer. Three other unit owners, collectively referred to as the Rogenia Group, also retained the Shir Defendants to represent them in their opposition to the termination of the condominium association.

During the litigation, the Carnevales sought discovery from the Shir

2

Defendants of certain settlement communications with the developer and the Rogenia Group. The Carnevales also sought discovery from the law firm who represented the developers in the negotiations with the Rogenia Group. The documents that were produced by the developer's counsel included several communications between the Shir Defendants and the developer's counsel relating to the developer's settlement with the Rogenia Group. Although these communications between the developer's counsel and the Shir Defendants were responsive to the Carnevales' discovery request to the Shir Defendants, the communications were not included in the Shir Defendants' production to the Carnevales.

After discovering these undisclosed relevant communications, the Carnevales filed a motion to compel forensic examination, seeking to examine the Shir Defendants' electronic data. Following an evidentiary hearing, the trial court entered an order granting the Carnevales' motion to compel forensic examination, stating that, despite the Shir Defendants' good-faith attempt to produce the requested information, "their efforts have not been sufficiently technically competent. More expertise needs to be brought to bear to the task." The order provides, among other things, that the forensic examiner will be a third party mutually chosen by the parties, with the parties equally dividing the cost. Further, the order provides that, within thirty days, the parties' counsels are required to

3

submit proposed orders setting forth the parameters and search protocols for the forensic examination. The order provides:

> The parameters and search protocols should be appropriately crafted to protect against the disclosure of privileged or irrelevant information, without restricting the forensic examiner's ability to retrieve relevant, non-privileged information, if any. Counsel for the parties shall confer telephonically in a good-faith effort to reach agreement on this issue prior to the submission of proposed orders.

A few days before the thirty-day deadline set forth in the order compelling the forensic examination, the Shir Defendants' counsel unsuccessfully attempted to discuss the list of proposed search terms with the Carnevales' counsel. After not being able to schedule a meeting with the Carnevales' counsel, the Shir Defendants filed their proposed order setting forth the protocol for the forensic examination, which, among other things, limited the search to approximately thirty terms and/or emails. Following the Shir Defendants' submission of their proposed order, the Carnevales submitted their competing proposed order, which included over 110 search terms. Without refining the list of permissible search terms, the trial court adopted the proposed order submitted by the Carnevales' counsel. The Shir Defendants' petition for writ of certiorari followed.

In petitioning this Court for certiorari relief, the Shir Defendants contend that the list of over 110 search terms is overly broad as it contains common words that will result in thousands of results that are non-responsive to the discovery request and will result in private and privileged documents being subject to the

4

protocol for the forensic examination. Under the circumstances of this case, certiorari relief is appropriate.

This Court has jurisdiction to review discovery orders that depart from the essential requirements of law resulting in material injury that cannot be remedied on appeal. See Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004) (quoting Bd. of Regents v. Snyder, 826 So. 2d 382, 387 (Fla. 2d DCA 2002) ("[T]o obtain a writ of certiorari, there must exist '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal'"). "Although overbreadth by itself is not a sufficient basis for certiorari jurisdiction, the Florida Supreme Court has held that certiorari review is appropriate where the discovery order effectively grants 'carte blanche' to irrelevant discovery." Publix Supermarkets, Inc. v. Santos, 118 So. 3d 317, 319 (Fla. 3d DCA 2013) (citing Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 457 (Fla. 2012)).

Defendant Shir Law Group, P.A., practices in the area of condominium and community association law, and defendants Shir and Zoberg are both board certified by The Florida Bar in the area of Condominium and Planned Development Law. One of the search terms approved by the trial court was the term "Condo*". In light of the Shir Defendants' condominium law practice, this

5

search term alone will result in every document containing either the term "condo" or "condominium" being subject to the forensic examination protocol, which will include an extremely large number of documents that are unresponsive to the discovery request and unrelated to the litigation. Further, there will be numerous documents included that are either the private or privileged documents of current and former clients of the Shir Defendants. This is just one example of several other words included in the list that effectively "grants 'carte blanche' to irrelevant discovery." Publix Supermarkets, 118 So. 3d at 319. The purpose of the forensic examination was not to allow the Carnevales to engage in a "fishing expedition" of the Shir Defendants' electronically stored information. Rather, as stated in the order compelling the forensic examination, "[t]he parameters and search protocols should be appropriately crafted to protect against the disclosure of privileged or irrelevant information, without restricting the forensic examiner's ability to retrieve relevant, non-privileged information, if any." Accordingly, we grant, in part, the Shir Defendants' petition for writ of certiorari, quash the order setting forth the protocol for the forensic examination, and remand for further proceedings consistent with this opinion.

The remaining arguments raised by the Shir Defendants and/or the Carnevales do not merit discussion.

Petition for writ of certiorari granted, in part; order setting forth the protocol

for the forensic examination quashed; and case remanded for further proceedings.