# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0852
Lower Tribunal No. 20-27601
_____

**Publix Super Markets, Inc.,**
Petitioner,

vs.

**Ernesto Blanco,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, for petitioner.

Morgan & Morgan, and Brian J. Lee (Jacksonville), for respondent.

Before LINDSEY, LOBREE, and BOKOR, JJ.

LINDSEY, J.

Petitioner Publix Super Markets, Inc. (Defendant below) seeks certiorari review of a Discovery Order that partially grants and partially denies its motion for protective order. For the reasons set forth below, we grant the Petition and quash the discovery order to the extent it permits corporate-wide discovery.

This is a garden variety slip-and-fall case. According to the Complaint, Respondent Ernesto Blanco (Plaintiff below) was visiting a Publix supermarket "when suddenly he slipped and fell due to a wet and slippery substance on the floor in the customer bathroom." Blanco filed a 15-page notice of deposition of Publix's corporate representative, which listed 52 main areas of inquiry.[1]

Publix sought a protective order as to some of the areas of inquiry. Following a two-day hearing, the trial court partially granted and partially denied Publix's motion. Publix seeks to quash the Discovery Order with respect to the following four main areas of inquiry: (1) flooring materials, (2) safety committee meetings, (3) root cause analysis and development of risk management policies and procedures, and (4) workers' compensation claims.

---

[1] Many primary areas of inquiry contain numerous subsections. There are over 150 areas of inquiry including the subsections.

Certiorari is an extraordinary remedy that is only available in very limited circumstances. Coral Gables Chiropractic PLLC v. United Auto. Ins. Co., 199 So. 3d 292, 294 (Fla. 3d DCA 2016). To be entitled to relief, a petitioner must demonstrate "(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a 'depart[ure] from the essential requirements of the law.'" Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012) (quoting Belair v. Drew, 770 So. 2d 1164, 1166 (Fla. 2000)).

Publix argues the underlying Discovery Order causes irreparable harm because it grants carte blanche to irrelevant discovery. It is well-established that an overbroad discovery order is not a sufficient basis for certiorari relief. See Coral Gables Chiropractic, 199 So. 3d at 294. Similarly, "irrelevant discovery alone is not a basis for granting certiorari unless disclosure of materials may reasonably cause material injury of an irreparable nature . . . ." Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995); see also Allstate Ins. Co. v. Boecher, 733 So. 2d 993, 995 (Fla. 1999) ("Our rules of civil procedure broadly allow parties to obtain discovery of 'any matter, not privileged, that is relevant to the subject matter of the pending action,' whether the discovery would be admissible at trial, or is merely 'reasonably

calculated to lead to the discovery of admissible evidence.'" (quoting Fla. R. Civ. P. 1.280(b)(1))).

Although discovery of irrelevant information does not generally cause irreparable harm, "a litigant is not entitled *carte blanche* to irrelevant discovery." Langston, 655 So. 2d at 95. "[W]hen it has been affirmatively established that such discovery is neither relevant nor will lead to the discovery of relevant information[,]" certiorari relief may be warranted. Id.

In Publix Supermarkets, Inc. v. Santos, 118 So. 3d 317 (Fla. 3d DCA 2013), this Court held that a discovery order requiring Publix to produce slip and fall incident reports from all Publix stores within the State of Florida amounted to impermissible carte blanche discovery of irrelevant information. This is because section 768.0755, Florida Statutes,[2] requires a plaintiff to

---

[2] Section 768.0755, Florida Statutes (2022), provides as follows:

> (1)   If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

"prove that the particular 'business establishment' where the injury occurred had actual or constructive knowledge of the dangerous condition and discovery should be restricted to information on the particular establishment." Santos, 118 So. 3d at 319 (quoting § 768.0755(1)).

Here, the Discovery Order is far broader than in Santos because it requires Publix's corporate representative to address areas of inquiry related to Publix's corporate-wide operations, which include not only the operations in the store where the alleged incident occurred but operations in over 1,300 stores throughout the country. Blanco acknowledges the inquiries are corporate-wide but insists that such information is discoverable because it is relevant to show negligent mode of operation.[3] We disagree because under

---

      (b)   The condition occurred with regularity and was therefore foreseeable.

      (2)   This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

[3] "The 'mode of operation theory' allows a slip-and-fall plaintiff to recover by showing that a defendant failed to exercise reasonable care in selecting a mode of operation, without showing that the defendant had actual or constructive knowledge of the hazardous condition." Woodman v. Bravo Brio Rest. Grp., Inc., No. 6:14-CV-2025-ORL-40, 2015 WL 1836941, at *1 (M.D. Fla. Apr. 21, 2015); see also Owens v. Publix Supermarkets, Inc., 802 So. 2d 315, 323 (Fla. 2001) ("In contrast to cases that address whether the defendant had constructive notice of the specific transitory foreign substance, we have on a limited basis recognized that, by virtue of the nature

5

section 768.0755, negligent mode of operation is not a viable theory of recovery in slip-and-fall cases.

The Florida Legislature enacted section 768.0755 in 2010 to replace section 768.0710, which was enacted in 2002. As explained in Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 424-26 (Fla. 4th DCA 2014), this was done to require proof of actual or constructive notice and to remove language regarding negligent maintenance, inspection, repair, warning, or mode of operation:

> The most significant change between sections 768.0710 and 768.0755 concerned prior notice of a dangerous condition. The older 2002 statute expressly stated actual or constructive notice was not "a required element of proof to this claim," but the new 2010 statute expressly stated the plaintiff "must prove that the business establishment had actual or constructive knowledge of the dangerous condition." Additionally, the new statute does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation.
>
> . . . .
>
> Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises," without showing the business had actual or

of the business or its mode of operation, the requirement of establishing constructive knowledge is altered or eliminated.").

6

constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.

See also Bensalah v. Whole Foods Mkt. Grp., Inc., 338 So. 3d 1067, 1068 (Fla. 3d DCA 2022) (approving of Pembroke Lakes Mall); Khorran v. Harbor Freight Tools USA, Inc., 251 So. 3d 962, 966 n.2 (Fla. 3d DCA 2018) (recognizing that the negligent mode of operation theory is not applicable "in premises liability cases involving a slip and fall on a transitory foreign substance").

Because section 768.0755 does not permit proof of liability under the negligent mode of operation theory, the Discovery Order departs from the essential requirements of the law. See Santos, 118 So. 3d at 319 ("[T]he trial court departed from the essential requirements of law and misconstrued section 786.0755 when it required Publix to provide incident information relating to all Publix stores located in Florida."). Accordingly, we quash the Discovery Order to the extent it grants corporate-wide discovery because this amounts to impermissible carte blanche discovery that results in irreparable harm and departs from the essential requirements of the law.

Petition granted; order quashed to the extent it grants corporate-wide discovery.

7