# Third District Court of Appeal

## State of Florida

Opinion filed September 13, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1286
Lower Tribunal Nos. F20-895 & F22-5017

_____

**DNP Consulting, LLC, et al.,**
Petitioners,

vs.

**Miami-Dade Police Department, et al.,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Ellen Sue Venzer, Judge.

Barakat + Bossa, PLLC, and Jocelyne A. Macelloni and Alfredo E. Dally, for petitioners.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Anita Viciana, Assistant County Attorney; Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for respondents.


Before SCALES, HENDON and GORDO, JJ.

SCALES, J.

Petitioners DNP Consulting, LLC, Juan De Los Santos and Maria De Los Santos are judgment creditors of Maitel Aguiar Ferrer, the defendant below in two criminal cases now pending in the Miami-Dade County Circuit Court. Petitioners seek certiorari review of the criminal court's June 15, 2023 order that denied their June 5, 2023 "Motion to Compel Miami-Dade Police Department to Turnover Funds of Defendant Maitel Aguiar Ferrer Held in Trust Account" without prejudice to reassert their claims after the conclusion of the criminal proceedings against Aguiar Ferrer.[1]

For this Court to grant certiorari relief, Petitioners must establish that, by entering the order denying their motion, (i) the criminal court departed from the essential requirements of law, (ii) causing them material injury, (iii) which cannot be remedied on plenary appeal. See Kobi Karp Architecture & Interior Design, Inc. v. Charms 63 Nobe, LLC, 166 So. 3d 916, 919 (Fla. 3d DCA 2015). "The last two elements – a material injury that cannot be adequately remedied on direct appeal – are jurisdictional and must be analyzed before considering whether there was a departure from the essential requirements of law." City of Miami v. Rivera, 348 So. 3d 10, 14

---

[1] Respondents are the Miami-Dade Police Department and the State of Florida.

(Fla. 3d DCA 2022), <u>review denied</u>, SC2022-1532, 2023 WL 2641560 (Fla. Mar. 24, 2023). If Petitioners fail to make this threshold jurisdictional showing, commonly referred to as "irreparable harm," this Court must dismiss the petition. <u>See</u> <u>Coral Gables Chiropractic PLLC v. United Auto. Ins. Co.</u>, 199 So. 3d 292, 294 (Fla. 3d DCA 2016).

Without reaching the merits of Petitioners' petition, we agree with Respondents that Petitioners have not established the requisite irreparable harm for us to exercise certiorari jurisdiction to review the challenged order. "The fact that a petitioner will incur litigation expenses is normally not enough to meet the irreparable harm test." <u>AVCO Corp. v. Neff</u>, 30 So. 3d 597, 601 (Fla. 1st DCA 2010). Nor have Petitioners otherwise shown that they will be materially injured by waiting until the conclusion of the criminal proceedings against Aguiar Ferrer to have the trial court adjudicate their motion to compel. <u>See</u> <u>State v. Lozano</u>, 616 So. 2d 73, 75 (Fla. 1st DCA 1993) ("Ordinarily, the time, trouble, and expense of an unnecessary trial are not considered 'irreparable injury' for these purposes . . . . The 'irreparable injury' test must be satisfied in a certiorari proceeding that arises from a criminal case, as well.") (citation omitted). Because Petitioners failed to establish the requisite irreparable harm, we lack certiorari jurisdiction to review the challenged order and dismiss the petition.

Petition dismissed.